THIRD DIVISION

June 28, 2002

No. 1-01-3113

VILLAGE OF OAK PARK, ) Appeal from the 

) Circuit Court of 

Plaintiff-Appellant, ) Cook County.

)

v. ) 

)

ILLINOIS DEPARTMENT OF )              

EMPLOYMENT SECURITY, ILLINOIS ) 

DEPARTMENT OF EMPLOYMENT SECURITY )

BOARD OF REVIEW, DIRECTOR OF )

EMPLOYMENT SECURITY LYNN QUIGLEY )

DOHERTY, and CRAIG WEBER,   ) Honorable

) Alexander P. White,

Defendants-Appellees. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

This appeal arises from an Illinois Department of Employment Security Board of Review (Board of Review) finding that Craig Weber is eligible to receive unemployment benefits.  We conclude he is not. 

FACTS

Oak Park's Board of Fire and Police Commissioners (BFPC) discharged Weber after it held a hearing and issued written findings.  The BFPC concluded in its findings Weber violated several statutes and department rules by, among other things, conducting background checks without proper authority, then selling that information to a private detective.  The circuit court conducted an administrative review of the BFPC's decision and affirmed it.  We affirmed the circuit court.  
Weber v. Village of Oak Park
, No. 1-99-2754 (2001) (unpublished order under Supreme Court Rule 23).

When Weber filed for unemployment benefits, Oak Park challenged him on the ground that persons terminated for misconduct are ineligible for unemployment benefits.  At the Board of Review administrative hearing, Oak Park introduced the BFPC transcript and findings.  It contended the BFPC's findings were binding on the Board of Review.  Weber's appeal of the BFPC's decision was pending in this court at the time the Board of Review made its decision on October 13, 1999.  

The Board of Review disagreed with Oak Park, finding Oak Park did not establish misconduct by a preponderance of the evidence.  Weber was eligible for unemployment benefits.  Oak Park appealed the Board of Review's decision by seeking administrative review in the circuit court.  After remanding the case twice to the Board of Review for clarifications of findings, the circuit court affirmed the Board of Review's decision.  

Oak Park appeals, contending: 1) the doctrine of issue preclusion required the Board of Review to accept the findings of misconduct issued by the BFPC, and 2) the Board of Review's decision was against the manifest weight of the evidence.

DECISION

While Oak Park's brief offers little in the way of authority or legal reasoning, it does cite one important case –- 
Osborne v. Kelly
, 207 Ill. App. 3d 488, 565 N.E.2d 1340 (1991), which the Department ignores in favor of two decisions from foreign jurisdictions.  In this case, 
Osborne
 is enough.  It tells us fact issues finally decided in an administrative proceeding that is judicial in nature precludes litigation of those same fact issues in a subsequent proceeding.  
Osborne
, 207 Ill. App. 3d at 491.  This is a branch of 
res
 
judicata
 referred to as collateral estoppel or, more appropriately, issue preclusion.

Issue preclusion applies when: 1) a material fact issue decided in the earlier adjudication is identical to the one in the current proceeding; 2) there was a final judgment on the merits in the earlier adjudication; and 3) the party against whom estoppel is asserted was a party or was in privity with a party in the earlier adjudication.  
Midland Hotel Corp. v. Director of Employment Security
, 282 Ill. App. 3d 312, 315-16, 668 N.E.2d 82 (1996).  

All requirements for the application of issue preclusion have been met here.  First, the proceeding before the BFPC was judicial in nature.  The BFPC not only held a hearing on the issue of whether Weber violated statutes and police department rules, but also issued written findings.  Second, the issues decided before the BFPC are identical to the issues decided before the Board of Review -– whether Weber improperly conducted background checks and sold the information.  Third, the BFPC reached a final decision, which was later affirmed by both the circuit court and this court.  Fourth, Weber, against whom issue preclusion is being asserted, was a party in the earlier adjudication and was represented by counsel.  He is the real interested party in this case.  

Weber cannot now relitigate the issue of whether he engaged in misconduct that merited his discharge.  The Board of Review incorrectly rejected the BFPC's findings.  It improperly concluded that Weber was eligible for unemployment benefits. 

Because of our finding on issue preclusion, we need not address Oak Park's contention that the Board of Review's decision was against the manifest weight of the evidence.

CONCLUSION

The decision of the Board of Review is reversed.  Weber is not eligible for unemployment benefits.  

CERDA, and SOUTH, JJ., concur.