Mahendra R. MEHTA and 3SM Realty
& Development, Inc., Plaintiffs–
Appellees, Cross–Appellants,

v.

Bagar SHAH, Defendant–Appellant,

v.

Federal Deposit Insurance Corporation,
as receiver for Superior Bank, et al.,
Defendants–Appellees, Cross–Appel-
lees.

Nos. 02–2988 and 02–3157.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 21, 2003.

Decided Aug. 19, 2004.

Rehearing Denied Nov. 5, 2004.

John F. O'Meara, Chicago, IL, Charles D. Boutwell, Northbrook, IL, for Plaintiffs–Appellees.

David A. Novoselsky, Novoselsky & Associates, Allison L. Wood, Albert, Whitehead & McGaugh, Kevin S. Besetzny, Bevilacqua & Rzepczynski, Joseph H. Kim, Todd A. Rowden, Quarles & Brady, Chicago, IL, Ashley Doherty, Washington, DC, Marc D. Sherman, Lincolnwood, IL, for Defendants–Appellees.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Acrimony, accusations, and an inability to accept the inevitable permeate this case. It arises out of a failed business venture between Baqar Shah and his former attorney, Mahendra Mehta. Shah and Mehta formed a corporation to purchase a mortgage from Superior Bank. Superior Bank sold the mortgage to a different corporation, one that, unbeknownst to Mehta, Shah had formed on his own. Mehta filed suit in state court against Shah for breach of fiduciary duty and against Superior Bank for breach of contract; he also sued the subsequent purchasers of the property that Shah's corporation had purchased. Before the state court, Mehta prevailed in his claim against Shah, but his claims against Superior and the other defendants were dismissed on the grounds of collateral estoppel. While the case was pending on appeal to the Illinois Appellate Court, the Federal Deposit Insurance Corporation, as receiver for Superior Bank, removed the matter to the U.S. District Court. There, Judge William Hibbler entered an order reaffirming the state court judgment. Mehta appeals the dismissal of his claims against Superior and the others, while Shah appeals from the jury's verdict in favor of Mehta. We affirm.

## I

The events leading up to this appeal started almost fifteen years ago when Mehta and Shah formed a business venture to purchase a mortgage. Several years before the venture, Shah was developing real estate in Zion, Illinois, and had gotten into a financial jam. Throughout the lawsuits and bankruptcy proceedings that followed, Mehta acted as Shah's attorney. A few years later, faced with an opportunity to get himself back in the black, Shah leapt. He needed $300,000 to buy a $900,000 mortgage from Superior Bank, a mortgage that he had personally guaranteed. Mehta and Shah agreed to form 3SM Realty & Development, Inc., a joint venture, to purchase the mortgage.

Joint business ventures with one's attorney are rarely encouraged, as they can be fraught with problems, see for example Illinois Rule of Professional Conduct (IRPC) 1.8(a), and this venture was no different. The venture was created to purchase the Superior loan, but something happened along the way. The parties bitterly debate exactly what that was, but what did not happen is clear—3SM did not

purchase the Superior note. Instead, a company called 7M did, a company also founded by Shah. Mehta, however, was not a part of 7M, nor did he know of its existence until after its purchase of the Superior note.

As soon as Mehta got wind of 7M's purchase of the note, he moved to intervene in the foreclosure sale, claiming that he had a valid contract with Superior to purchase the note. The Circuit Court of Lake County, which was overseeing the foreclosure action, disagreed with Mehta. It found that he had only an unsigned, undated contract, probably left over from earlier preliminary meetings with Superior, and that this document conferred no rights on him either to purchase the property or to intervene in the foreclosure sale. *Superior Bank FSB and 7M v. LaSalle National Bank, et al.*, No. 90–CH–745 (Lake County, Ill. Feb. 17, 1994) (unpublished order). Mehta appealed, but the Illinois Appellate Court upheld the judgment. *Superior Bank FSB and 7M v. LaSalle National Bank, et al.*, Appeal Nos. 2–94–0323 and 2–94–0617 (Ill.App.Ct. April 11, 1995) (unpublished order).

Following 7M's purchase of the note, various lots of the mortgaged property were sold off to other parties. Mehta then filed suit on behalf of 3SM and himself, in November 1995, in Cook County, raising several claims regarding his interest in the property. Mehta claimed that Shah had breached his fiduciary duty to Mehta by forming a different corporation to purchase the Superior note. He also sued Superior for breach of contract, and he sued a variety of named and unnamed defendants who had (in his view unlawfully) purchased land from 7M. In 1996, while the Cook County suit was pending, Mehta filed *lis pendens* notices in both Lake County, where the property was located, and Cook County, regarding his claims to the property.

In the state court, the jury found that Shah had breached his fiduciary duty to Mehta when he formed 7M without Mehta's knowledge and then bought the Superior note. The state court dismissed Mehta's claims against Superior and the other defendants, holding that the previous Lake County decision precluded them. Specifically, it concluded that the Lake County court definitively found that Mehta had no valid contract with Superior and so no right to purchase the note. Because Mehta never had a right to purchase the loan, any subsequent sales to later purchasers could not have violated his rights, and he thus had no claim against the purchasers. The Cook County court concluded that Mehta was attempting to assert the same claims again, which was impermissible under Illinois principles of claim and issue preclusion.

After final decisions had been rendered and the case was on appeal in the Illinois appellate court, the Federal Deposit Insurance Corporation (FDIC) was appointed receiver of Superior and, pursuant to 12 U.S.C. § 1819(b)(2)(B), it removed the entire case to federal court. See *Lester v. RTC*, 994 F.2d 1247, 1252 n. 7 (7th Cir. 1993) (upholding removal as proper after trial court judgment and while post-trial motions were pending). The district court adopted the Illinois trial court's decision as its own and the parties appealed to this court. *3SM Realty & Development, Inc. v. Superior Bank FSB, et al.*, No. 01–C–8132 (N.D.Ill. July 17, 2002) (unpublished order). Shah appeals from the jury's verdict against him and from the award of attorneys' fees assessed against him in favor of the FDIC. Mehta appeals from the court's finding that the intervention action in Lake County bars his claims against Superior and the purchaser defendants.

## II

### A

Shah complains about a number of aspects of his trial, including some evidentiary rulings, the jury instructions, the denial of his motion for judgment as a matter of law, and the award of attorneys' fees to the FDIC. We address each issue in turn.

■ First, Shah maintains that the trial court erred in not allowing him to introduce into evidence two exhibits relating to the Illinois Rules of Professional Conduct. The first, Exhibit 1, appears to be two pages of text from the Attorney Registration Disciplinary Committee (ARDC) booklet, and the second, Exhibit 1A, the whole booklet. We say "appears," as neither of the exhibits are in the record. We cannot review the trial court's discretionary refusal to admit those exhibits without having the exhibits as part of the record. Shah, as the appellant, was responsible for making sure that the appellate record contained all the evidence needed for meaningful review. *Birchler v. Gehl Co.*, 88 F.3d 518, 519–20 (7th Cir.1996). Shah has waived the issue by failing to include the exhibits in the record.

■ For the same reason, we cannot review the state court's refusal to give Shah's tendered jury instruction, Illinois Pattern Jury Instruction N. 60.01. The instruction allegedly covers the topics of the applicable rules governing contingent fee arrangements, an attorney's acquisition of a proprietary interest in a cause of action, and the prohibition against commingling an attorney's personal funds with a client's special fund account. We say "allegedly" here, because Shah has also failed to include the tendered instruction in the record. Shah has, therefore, also waived this issue. *Birchler*, 88 F.3d at 519–20.

We should comment that there is a dispute between the parties about whether these exhibits and instruction were wrongly removed from the record. Shah accuses Mehta of removing the record from the Illinois appellate court. Mehta vehemently denies removing the record inappropriately or removing any items from the record. We have no way of resolving this kind of factual dispute. Furthermore, we find it to be immaterial in the end to the issues before us. Even if we were to address both issues on their merits, we see no error in the court's decisions. Mehta was not on trial, and his conduct, while relevant to his credibility, was not relevant to *Shah*'s fiduciary duty to Mehta. The jury understood Shah's argument—that Mehta had violated his ethical duties by forming a venture with his client, Shah— and they did not need the text of the rules before them. No jury instruction was appropriate because Mehta's behavior was not at issue. Any error would be harmless, and so we do not disturb the verdict on these grounds.

This is not to say, we hasten to add, that these are not disturbing allegations. If Mehta has indeed violated his ethical duties, his behavior should be reported to the Attorney Registration and Disciplinary Commission (ARDC). At oral argument, Mehta asserted that he had reported himself to the ARDC already. Both parties were instructed to file letters with this court identifying where the panel could find the letter, but no responses were ever filed by either Mehta or Shah. The disregard for the orders of this court is inexcusable. All we will do at this juncture is publicly reprimand both parties, proceed on the assumption that no such letter exists, and instruct the Clerk of this court to forward a copy of this order to the ARDC for whatever action it deems appropriate.

■ Shah's remaining challenge to the jury verdict concerns the fiduciary duty Shah owed to Mehta. Shah contends that Mehta had first to prove that Shah owed a duty to him; only then could the jury decide whether Shah breached that duty. Mehta responds by pointing out that Shah had already stipulated to the existence of the joint venture before trial. Shah admitted in an answer filed October 26, 1999, that he and Mehta "entered into a joint venture agreement to purchase and develop the Zion Property by acquiring the Note and Loan Documents...." Relying on that admission, Mehta filed a motion *in limine* to prevent Shah from presenting any evidence or testimony that the venture did not exist. The court granted the motion on October 27, 1999. In his post-trial motion, Shah claims that an Answer to Second Amended Complaint denied the existence of the venture. This court could not locate such an Answer anywhere in the record, except as an exhibit to the post-trial motion. The Answer, if it was properly filed, is dated November 24, 1997, almost two years before the later-filed answer admitting the existence of the venture and the motion *in limine*. Because Shah admitted the existence of the venture after the alleged denial, he cannot now argue that the venture did not exist, and any arguments on appeal related to that issue must fail. That includes Shah's motion for judgment as a matter of law, as the only argument he makes in favor of that motion is that there was no evidence that the joint venture existed at the time of the breach.

Shah's final point concerns the attorneys' fees awarded to the FDIC. When 7M purchased the loan from Superior, the agreement contained an indemnification provision under which Shah and 7M agreed "to release, indemnify and hold harmless Superior Bank FSB from any loss, cost, claim, damage, litigation or expense, including reasonable attorneys' fees, arising from or relating to the Loan, Loan Documents, the Property, the Litigation, any claims of any kind by Mahendra Mehta, and Superior Bank FSB's performance or execution of the instant loan purchase agreement." On the basis of that provision, Superior filed a motion for its costs and attorneys' fees after the jury verdict against Shah. The trial court awarded fees and costs in the amount of $49,024.30. Shah claims that the FDIC's fee petition lacked sufficient detail, contained numerous redacted entries, and included aggregated entries. Because the FDIC failed to establish that its fees were reasonable, Shah asks us to vacate the award.

■ We review the district court's grant of fees only for abuse of discretion. *Hess v. Hartford Life & Acc. Ins. Co.*, 274 F.3d 456, 464 (7th Cir.2001). We find no abuse here. The redacted entries represent only nine out of almost 70 pages of billing entries. The supposedly duplicative entries appear to be meetings or conferences attended by two or more attorneys who then both billed their time. This is not double-counting, and there is no reason to think that the district court abused its discretion by concluding that the presence of both attorneys was justifiable. Where fees are part of an indemnity agreement, the fees must meet market standards of detail. "If the bills were paid, this strongly implies that they meet market standards." *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518, 520 (7th Cir. 1999). This is not a situation where one litigant, without having paid fees first, seeks to collect from a stranger fees that she "would never dream of paying herself." *Id.* These are bills that Superior paid to its attorneys and there is a presumption that they would not pay fees that were unreasonable. "The indemnity requires [Shah]

to make [Superior] whole, which means reimbursement for commercially-reasonable fees no matter how the bills are stated." *Id.;* see also *Kallman v. Radioshack Corp.,* 315 F.3d 731, 742 (7th Cir.2002) Despite Shah's complaints with the way the attorneys itemized their bill, the district court was within its discretion to conclude that the fees were reasonable.

## B

In addition to his suit against Shah, Mehta filed suit against Superior Bank for breach of contract, claiming that Mehta and 3SM had a valid contract with Superior for the purchase of the loan. Mehta also named as defendants the purchasers of the property subject to the Superior note. The court found the claims precluded and dismissed them. Mehta appeals the dismissal. We review the grant of the motion to dismiss *de novo. Licari v. City of Chicago,* 298 F.3d 664, 666 (7th Cir. 2002).

Because an Illinois court rendered the judgment, Illinois law governs whether the judgment has claim- or issue-preclusive effect. See 28 U.S.C. § 1738; *Stephan v. Rocky Mountain Chocolate Factory, Inc.,* 136 F.3d 1134, 1136 (7th Cir.1998). For the doctrine of claim preclusion to apply, three requirements must be satisfied: (1) there must be a final judgment on the merits rendered by a court of competent jurisdiction, (2) there must be an identity of cause of action, and (3) there must be an identity of parties or their privies. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 889 (1998). For issue preclusion, Illinois requires a showing that (1) a material fact issue decided in the earlier adjudication is identical to the one in the current proceeding, (2) there was a final judgment on the merits in the earlier adjudication, and (3) the party against whom estoppel is asserted was a party or was in privity with a party in the earlier adjudication. *Village of Oak Park v. Illinois Dept. of Employment Sec.,* 332 Ill.App.3d 141, 265 Ill.Dec. 580, 772 N.E.2d 951, 953 (2002). The state court found that Mehta's suit was barred under either of these doctrines.

The parties are the same (Mehta on the one side, Superior and its successor, the FDIC, on the other). The Lake County court was addressing the same issues Mehta is trying to raise here, namely, whether Mehta had any rights in the property. We thus consider the only seriously contested point, which is whether the Lake County court issued a final decision on the merits with respect to Mehta. The Lake County litigation began when Shah's side company, 7M, purchased the Superior note in 1993 and immediately commenced a foreclosure action against the guarantors of the loan. The trial court entered an order of default and a judgment of foreclosure and sale. Immediately following the judgment, Mehta moved to intervene in the suit, arguing that Superior had agreed to sell the note to him and asking the court to set aside the foreclosure and sale. The court rejected Mehta's motion on the ground that he could not prove that he had any rights that were violated by the sale of the note to 7M and the subsequent foreclosure.

The FDIC, as successor in this suit to Superior, argues that the denial of Mehta's motion to intervene on the grounds that no valid contract exists precludes the present case. Mehta claims that the trial court was exercising its discretion when it refused to allow him to intervene. Because the decision was discretionary, he argues, there was no substantive ruling on the merits of his claim, and so it does not meet the requirements of "a final judgment on the merits rendered by a court of competent jurisdiction." Mehta either misunder-

stands, or misrepresents, both his arguments to the Lake County court and its ruling.

Mehta moved for intervention as a matter of right, not for permissive intervention. The court examined the only evidence that Mehta could put forth in support of his position—an unsigned, undated contract that Superior provided Mehta for purchase of the note. The court found that this was not enough to show that Mehta and Superior had a contract, and that Mehta therefore had no right to purchase the note. Superior was free to sell the note to 7M without violating any of Mehta's rights. The court's determination that Mehta had no right to intervene rested on its holding that Mehta had no right to purchase the note. Mehta seeks to relitigate that same issue here. "[D]enial of intervention on the ground that the intervenor cannot claim the right asserted precludes a second action on the same claim." 18A Fed. Prac. & Proc. Juris.2d § 4438. Mehta's claims are barred by the doctrine of claim preclusion, and to the extent the contractual ruling depended on findings of fact, also by issue preclusion.

Mehta's action against the people who purchased property from 7M after Mehta filed his *lis pendens* notice and a notice of his interest in the real estate in the Recorder of Deeds Office of Lake County and with the Circuit Court of Lake County is similarly barred. Because Mehta had no interest in the note, and no right to purchase it, the subsequent purchasers took nothing to which he had a right.

### III

Mehta and Shah have been litigating this case for almost ten years, but we hope that this is the end. For the reasons given above, we AFFIRM the judgment against Shah and the award of attorneys' fees to the FDIC, and we AFFIRM the dismissals of Mehta's complaints against Superior and the other named defendants.