# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1688

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT NELSON HOWELL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 98 CR 30200—**David R. Herndon**, *Judge.*

_____

SUBMITTED NOVEMBER 18, 2003—DECIDED JANUARY 13, 2004

_____

Before POSNER, ROVNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Two years after being sentenced to prison, and to forfeit $7 million, as punishment for a federal drug offense, Robert Howell filed under the same case number of his criminal case and in the same court (the U.S. District Court for the Southern District of Illinois) a petition for the return of his BMW, which the Drug Enforcement Authority had seized in the Northern District of Illinois before he was convicted in the Southern District and had administratively forfeited (that is, had declared forfeited to the government without a judicial forfeiture ruling). Howell claimed in his petition that the DEA hadn't adequately

notified him of its intent to seize and forfeit his car. The district judge denied the petition for lack of subject-matter jurisdiction because the judge thought Howell had filed his petition in the wrong district, but went on to remark that the DEA had given Howell adequate notice.

If as Howell claims the government deprived him of his property without adequate notice and therefore without due process of law, he can seek its return by means of a civil action based on the federal-question jurisdiction of the federal courts, 28 U.S.C. § 1331. *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000); *United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000); *Mantilla v. United States*, 302 F.3d 182, 184 (3d Cir. 2002); *United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000); *United States v. Rodgers*, 108 F.3d 1247, 1250 (10th Cir. 1997). (Of course, the property may be promptly retaken, as he hasn't paid his $7 million forfeiture in full, but that is not an issue in this appeal.) The government argues, however, that the federal district court in the Southern District of Illinois has no jurisdiction over Howell's claim because the BMW was never in the Southern District.

The government would be correct had the car been seized in the Northern District pursuant to an order issued in an in rem proceeding, *United States v. $506,231 in U.S. Currency*, 125 F.3d 442, 447 (7th Cir. 1997); *United States v. Tit's Cocktail Lounge*, 873 F.2d 141, 143 (7th Cir. 1989) (per curiam), because then the district court in the Northern District would have obtained jurisdiction over the car, and, as we had occasion to remark recently, the first court to obtain in rem jurisdiction has exclusive jurisdiction of the res. *GP Credit Co. v. Orlando Residence, Ltd.*, 349 F.3d 976, 981 (7th Cir. 2003). But the car was not seized as an exercise of in rem jurisdiction. An administrative forfeiture does not confer in rem jurisdiction on any court, because it bypasses

the judicial system. *United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120, 123 (7th Cir. 1991); see also *Linarez v. United States Dept. of Justice*, 2 F.3d 208, 211-12 (7th Cir. 1993). Now maybe the Southern District is the wrong venue in which to complain about an act that occurred in another district, but objections to venue are waivable and here waived. The district judge erred in holding that there was no subject-matter jurisdiction in his district.

The judge failed to note Howell's apparent failure to comply with the usual procedural requirements for maintaining a federal civil suit, such as the payment of a filing fee, and, since he is a prisoner, the limitations on prisoner civil rights suits imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915. The judge treated Howell's challenge to the administrative forfeiture as if it were a phase of the criminal proceeding against Howell. Yet even if his motion had been a motion under Rule 41(g) for the return of property obtained in a search, rather than an attempt to challenge an administrative forfeiture, the proceeding would have been a civil proceeding subject to the requirements that we have noted, and perhaps to others peculiar to challenges to federal administrative forfeitures. *Peña v. United States*, 122 F.3d 3 (5th Cir. 1997). It is true that we have permitted Rule 41(g) motions to be filed in the criminal proceeding to which the property sought to be returned relates, *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *United States v. Taylor*, 975 F.2d 402 (7th Cir. 1992), but that permission is a natural implication of the fact that Rule 41(g) is a rule of criminal rather than civil procedure, and, as the *Peña* decision holds, does not make the proceeding touched off by the motion a criminal proceeding and excuse the moving party from having to comply with the rules applicable to civil proceedings. The civil nature of the present case is even clearer, since it is a challenge to an

administrative forfeiture. Though it seeks relief similar to that of a Rule 41(g) motion—namely the return of property—it is not founded on that rule.

Assuming without deciding that Howell either has or will satisfy the procedural requirements applicable to this suit, we shall try to abbreviate the further proceedings by indicating our disagreement with the district court's view of the merits. The DEA mailed a notice of its intent to seize the BMW to two different addresses, one in Markham, Illinois, and the other in Memphis, Tennessee, both letters being returned undelivered by the Postal Service. The Markham address, however, was the address of a house that the DEA had been told was vacant. The agency's informant gave the DEA another address for Howell, which was also, as the DEA knew, the address on his driver's license; but for some unexplained reason the agency did not mail the notice to that address. Nor did it explain to the district court why it chose either of the addresses that it did send the notice to. Later, but before declaring the BMW forfeited, the agency learned that Howell had been arrested and was in jail in Minnesota awaiting his trial in the Southern District of Illinois. The agency now knew exactly where Howell was but still it did not notify him of its intent to forfeit his car. Maybe there are additional facts of which we are unaware that cast the issue of notice in a different light, but the adequacy of the notice cannot be sustained on this record.

The judgment is vacated and the case remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*