# In the
# United States Court of Appeals
## For the Seventh Circuit

––––––––––

No. 02-3169

MARCIAL L. CHAIREZ,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

––––––––––

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 02 C 0456—**Barbara B. Crabb**, *Chief Judge.*

––––––––––

ARGUED NOVEMBER 12, 2003—DECIDED JANUARY 27, 2004

––––––––––

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* In October 2000 Marcial Chairez was convicted of distributing cocaine, 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). In August 2002 Chairez filed a post-conviction motion, ostensibly under Fed. R. Crim. P. 41(g) (formerly Rule 41(e)), seeking the return of money that was seized by Drug Enforcement Agency ("DEA") agents and later forfeited administratively to the United States. The district court correctly construed the motion as initiating a civil proceeding, *see United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000); *United States v.*

*Solis*, 108 F.3d 722, (7th Cir. 1997) (post-conviction Rule 41(e) motion treated as civil equitable proceeding for return of property). It then denied Chairez's request, concluding that he had failed to contest the forfeiture in a timely manner despite having been given notice that complied with due process. We modify the judgment to clarify that the matter was dismissed for lack of subject matter jurisdiction and, as modified, affirm.

## I.

In May 2000, DEA agents were executing a search warrant involving drugs at the residence of Marcial Chairez when they seized $1420 from the purse of Rosalba Romero-Chairez. Two months after the seizure, DEA counsel began administrative forfeiture proceedings by mailing written notice of the impending forfeiture and an explanation of the procedures. *See* 21 U.S.C. § 881(a)(6) (subjecting to forfeiture "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter"); *id.* § 881(d) (applying procedures used for judicial and summary administrative forfeiture procedures under customs law to controlled substances forfeitures); 19 U.S.C. §§ 1607-1609 (detailing summary administrative forfeiture procedures, including notice requirements). At the time, Chairez was in jail in Dane County, Wisconsin, awaiting trial on federal charges, and the DEA sent notice to him there by certified mail. A jail staff member named Carol Rice signed for Chairez's letter. The DEA also sent three copies of the notice by certified mail to Chairez's home address in Curtiss, Wisconsin, and Rosalba Romero-Chairez

signed for the delivery of all three.[1] Notice of the seizure was also published in The Wall Street Journal for three successive weeks. Chairez did not file a claim for the money, so the DEA's declaration of forfeiture automatically vested title in the United States. 19 U.S.C. § 1609(b); *see also Linarez v. United States Dep't of Justice*, 2 F.3d 208, 210 (7th Cir. 1993). Because Chairez never filed a claim for the money before the forfeiture, the district court's jurisdiction in this action was limited; the court could not inquire into the propriety of the forfeiture but could decide only whether the notice procedures complied with due process. *See Kreicioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000); *Linarez*, 2 F.3d at 213. On the limited question of notice, our review is de novo. *Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000).

## II.

Chairez argues that the notice given did not comply with due process. He correctly identifies *Dusenbery v. United States*, 534 U.S. 161 (2002), as the relevant authority. In that case the Supreme Court specifically considered what the government must do to notify an incarcerated person about administrative forfeiture proceedings. There the FBI had sent notice by certified mail to Dusenbery at FCI Milan where he was incarcerated. *Id.* After prison staff signed to verify receipt, the mail went through the prison's internal mail delivery system, which included a mail room and a logbook to track the mail as it moved through the system.

---

[1] Rosalba Romero-Chairez, whose purse contained the money seized, apparently had actual notice of the forfeiture proceedings, but did not file a claim. That failure does not affect Chairez's due process challenge to his certified mail notice, which is the only issue before this court.

Because the logbook did not document the final stage of delivery to inmates, however, the government could not prove that Dusenbery actually received notice. The Supreme Court held that due process does not require proof of actual notice. Due process requires only that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Kreicioch*, 221 F.3d at 979. Under that standard, the Court concluded the government had afforded Dusenbery adequate notice by sending it to him at the prison.

In this case, Chairez seeks to focus our attention on how the Dane County Jail's internal mail delivery procedures differ from the internal mail delivery procedures at FCI Milan. He contends that because mail at the Dane County Jail changes hands more and because there is no similar tracking system in place, the government cannot prove that it sent notice reasonably calculated to reach him. The government counters that Dane County's internal procedures are not significantly different from those at FCI Milan.

But we see no reason to enter into this debate because we do not read *Dusenbery* to require federal agencies seeking administrative forfeiture—or courts, if the forfeiture is later challenged—to inquire into the details of internal mail delivery systems of jails and prisons. Such a requirement would be burdensome and impractical given that every facility handles mail differently. Also, especially in the case of state and local facilities, the added burden would not carry any benefits because it is unlikely that federal agents could affect the way individual facilities handle their mail. Beyond certified delivery to the jail or prison, short of actual notice there is no standard that could universally apply to institutions that vary in size, population, administration,

and staff supervision. Because *Dusenbery* does not require actual notice via acknowledged receipt by the prisoner, the certified delivery and acceptance of the notice of forfeiture by authorized jail personnel reasonably apprised Chairez of the pendency of the forfeiture action. The government published notice in a newspaper of general circulation, sent certified mail to the incarcerated party's last known address, sent notice by certified mail to the prison where he was incarcerated, and produced the signed receipt showing that the notice arrived at the jail. Service by certified mail has long been considered an acceptable means to provide notice. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 796 n.3 (1983) (citing *Hess v. Pawloski*, 274 U.S. 352 (1927) (approving registered mail)), and there is no evidence in this case that the DEA knew of any problems with the jail's certified mail delivery system. *See Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000).

### III.

Because Chairez was afforded adequate notice of the administrative forfeiture action, the district court lacked subject matter jurisdiction to consider his claim to the property. Accordingly, we modify the judgment of the district court to reflect a dismissal based on lack of subject matter jurisdiction and AFFIRM the modified judgment.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*