**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Monte L. PINSON, Defendant–
Appellant.**

**No. 03–3577.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 23, 2004.

Stephen B. Clark, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Monte L. Pinson, pro se, Greenville, IL, for Defendant–Appellant.

BAUER, COFFEY, and ROVNER, Circuit Judges.

ORDER

Federal inmate Monte Pinson appeals from the grant of his post-judgment motion for return of property. We affirm.

In 2001 Pinson pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base, 21 U.S.C. § 841(a)(1), and was sentenced to 292 months' imprisonment, a $1,500 fine, and a $100 special assessment. In May 2003 Pinson moved under Federal Rule of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Criminal Procedure 41(g) (formerly Rule 41(e)) for return of $4,481 seized from him during the criminal investigation underlying his convictions and $837 seized from him at the time of his arrest. In his motion Pinson requested that the court return "all currency seized and not subjected to any Forfeiture procedure" and that the "balance of all fines and assessment fees be deducted from the amount seized." In response, the government noted that officials had seized $4,471–not $4,481 as Pinson alleged–from a safe at the home where Pinson had been living but that the money had since been administratively forfeited. The government admitted, however, that it retained possession of the $837 seized from Pinson at the time of his arrest and in a separate motion requested that the court apply that amount to Pinson's unpaid fine. The district court pointed out that Pinson still owed $1,440 toward his fine and, "in light of the fact that both the government and the defendant seek the same relief, i.e. that the $837 seized from the defendant be applied to the remaining balance on his fine," granted the parties' cross-motions.

In general, seized property must be returned after criminal proceedings have terminated. See United States v. Bein, 214 F.3d 408, 411 (3d Cir.2000). A person seeking return of property seized by federal law enforcement officers may file a motion under Rule 41(g). Fed.R.Crim.P. 41(g); see Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir.2003). Post-conviction Rule 41(g) motions are treated as civil equitable proceedings, see United States v. Howell, 354 F.3d 693, 695 (7th Cir.2004), and reviewed deferentially for abuse of discretion, see United States v. Hardman, 297 F.3d 1116, 1120 (10th Cir.2002). See also Archer Daniels Midland Co. v. Hartford Fire Ins. Co., 243 F.3d 369, 373 (7th Cir.2001) (reviewing equitable proceeding deferentially).

On appeal Pinson disputes the procedure the district court employed in crediting $837 toward his fines. Pinson argues that because the payment plan instituted at sentencing required him to make monthly payments totaling the greatest of either $50 or 10% of his gross income, the district court should have credited monthly payments of $83.70 (10% of the total) each month so that no payments were due until the entire amount had been credited. In the alternative, Pinson reasons, the district court should have made one monthly payment with the money and returned the balance to him. But in his Rule 41(g) motion, Pinson requested only "that the balance of all fines and assessment fees be deducted from the amount seized in the case." We cannot say that the district court abused its discretion in granting precisely the relief Pinson requested.

Pinson also challenges the government's assertion that the $4,471 was forfeited, arguing that he received no notice of forfeiture and, thus, any forfeiture would have violated his right to due process. But Pinson did not raise this argument in the district court, so we cannot review it on appeal. See Schoenfeld v. Apfel, 237 F.3d 788, 793 (7th Cir.2001). Further, Pinson stated in his Rule 41(g) motion that he was seeking return only of property that had not been forfeited, and the district court did not abuse its discretion in reading that statement as evidence that Pinson was aware that some of his money had been forfeited but that he was not challenging the forfeiture in his motion. Since the district court had no reason to consider the sufficiency of the notice Pinson received regarding any such forfeiture, it had no jurisdiction to consider the forfeiture. United States v. McGlory, 202 F.3d 664, 670 (3d Cir.2000) (en banc) (once an agency initiates administrative forfeiture proceedings, the district court no longer has subject matter jurisdiction over the

forfeiture except to determine whether the notice provided was constitutionally deficient); *Krecioch v. United States,* 221 F.3d 976, 980 (7th Cir.2000) (analyzing whether notice was constitutionally deficient). We note that if, as Pinson contends, "the government deprived him of his property without adequate notice and therefore without due process of law, he can seek its return by means of a civil action based on the federal-question jurisdiction of the federal courts, 28 U.S.C. § 1331." *See Howell,* 354 F.3d at 695. If Pinson chooses to bring such a suit, it will be a civil proceeding subject to the limitations imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Howell,* 354 F.3d at 695.

AFFIRMED.