**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 26, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2438

| | |
|---|---|
| ROBERT N. HOWELL, JR.,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>MARK A. BEZY,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:05-cv-00099<br><br>Richard L. Young,<br>*Judge.* |

**O R D E R**

Indiana inmate Robert Howell filed this petition pursuant to 28 U.S.C. § 2241, arguing that his conviction and sentence for conspiring to distribute and possess with the intent to distribute cocaine, cocaine base, and marijuana, 21 U.S.C. §§ 846, 841, violated the Constitution's prohibition against double jeopardy because the administrative forfeiture of his automobile (prior to his conviction) constituted punishment for his crime. The district court dismissed the petition for lack of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

jurisdiction and denied a subsequent motion pursuant to Federal Rule of Civil Procedure 59(e). We affirm the denial of relief.

In October 1998, before Howell was convicted, the Drug Enforcement Administration ("DEA") seized and forfeited his automobile. *See United States v. Howell*, 354 F.3d 693, 694 (7th Cir. 2004). Howell filed his initial collateral attack on the drug conviction in September 2001; the district court denied relief and we denied his request for a certificate of appealability in January 2004. *See Howell v. United States*, No. 03-3656 (7th Cir. Jan. 7, 2004). After the district court denied his § 2255 motion but while his motion pursuant to Federal Rule of Civil Procedure 59(e) and his request for a certificate of appealability were still pending in the district court, Howell filed a motion in his original criminal proceeding seeking remission of his automobile. *See Howell*, 354 F.3d at 694. The district court denied the motion for lack of subject-matter jurisdiction, believing it should have been filed in the Northern District of Illinois (where the DEA seized the automobile) rather than the Southern District of Illinois (the district of Howell's trial). But we remanded the case for further proceedings because the motion should have been construed as a civil proceeding, over which the district court had jurisdiction. *Id*. at 695. On remand, Howell apparently regained his car (though his victory may have been Pyrrhic; his criminal sentence, in addition to imposing a term of imprisonment, subjected him to a $7 million forfeiture, *id*.).

Howell now asserts that his criminal conviction violated the prohibition against double jeopardy because the DEA's prior seizure and forfeiture of his automobile constituted punishment for his crime. He suggests that he discovered the forfeiture only after the district court denied his § 2255 motion because "government agents deliberately hid" the administrative proceeding, and thus he should be able to bring his claim in a § 2241 petition. Though he does not precisely identify any new evidence, he generally relies on our dicta in *Howell*, in which we expressed our concern that the DEA "knew exactly where Howell was but still did not notify him of its intent to forfeit his car." 354 F.3d at 696.

A federal prisoner may seek relief under § 2241 only if § 2255 "would not have been adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004). Section 2255, though, is not inadequate simply because a procedural bar prevents an inmate from seeking relief. *See Garza v. Lappin*, 253 F.3d 918, 922 (7th Cir. 2001); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). It is inadequate only when the "provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

We begin by observing, as the district court held when it denied his initial § 2255 motion, that Howell's plea agreement contained a waiver of his right to bring a collateral attack. *See Howell v. United States*, No. 01-CV-607 (S.D. Ill. May 16, 2002). A double jeopardy claim may survive a waiver if "on the face of the record the court had no power to enter the conviction or impose the sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Howell's claim, which relies on the administrative forfeiture of his car, is not clearly apparent on the face of his criminal record, *id.* at 575-76, and thus he cannot overcome his waiver. The government, though, has inexplicably abandoned Howell's waiver in these proceedings.

Regardless, Howell's claim for relief is substantively unavailing. Assuming, *arguendo*, that Howell did not receive notice of the forfeiture until after the completion of his § 2255 proceeding, *see Howell*, 354 F.3d at 696, and that this "new evidence" could demonstrate that § 2255 is inadequate to address his claim, Howell was not subjected to a judicial order of forfeiture. Thus, jeopardy did not attach at the point that the DEA took possession of his car, but rather when the government brought criminal charges. *See United States v. Evans*, 92 F.3d 540, 542 (7th Cir. 1996) (jeopardy does not attach unless judgment is entered); *United States v. Branham*, 97 F.3d 835, 843 (6th Cir. 1996) (collecting cases); *see also Howell*, 354 F.3d at 695 (Howell's automobile was seized pursuant to an administrative proceeding, which did "not confer in rem jurisdiction on any court, because it bypasse[d] the judicial system"). Though we express no opinion on whether jeopardy attached when Howell challenged the forfeiture in October 2002 by filing a motion in his criminal proceeding, he would nevertheless be unable to challenge his 2000 criminal proceeding; the judicial proceeding barred by double jeopardy would be the forfeiture that has already been set aside. Thus, his claim contesting his 2000 conviction is frivolous.

We note in closing that, although the district court correctly denied Howell's request for relief, the court should not have dismissed the petition for lack of jurisdiction. Although the petition was not persuasive, § 2241 does not contain a jurisdictional clause that might deprive the district court of subject-matter jurisdiction. *See Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).

Accordingly, we AFFIRM the denial of relief. To the extent that Howell requests permission to commence a successive collateral attack under 28 U.S.C. § 2244, we DENY that request.