In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 08-4124, 08-4278, 09-1206,
09-1330, 09-2251 & 09-2277

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SHAABAN HAFIZ AHMAD ALI SHAABAN,

*Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 05-34-CR-01—**Larry J. McKinney,** *Judge.*

SUBMITTED MARCH 31, 2010[*]—DECIDED APRIL 26, 2010

Before KANNE, ROVNER, and WOOD, *Circuit Judges.*

PER CURIAM. Shortly before the United States invaded Iraq in 2003, Shaaban Hafiz Ahmad Ali Shaaban offered

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(B)-(C).

to sell the Iraqi Intelligence Service the names of CIA agents working covertly in that country. The scheme fell apart, but Shaaban, a naturalized American citizen born in Jordan, was convicted after a jury trial of acting as an agent for Iraq and other crimes and sentenced to a total of 160 months' imprisonment. We affirmed his convictions and sentences. *United States v. Shaaban*, 252 F. App'x 744, 747 (7th Cir. 2007), *cert. denied,* 129 S. Ct. 584 (2008). Since then Shaaban has peppered the district court with postjudgment motions and each time appealed the district court's adverse ruling.

We have consolidated for decision six appeals (encompassing challenges to the denials of seven of Shaaban's postjudgment motions), but only two of the appeals merit discussion. First, Shaaban contests the denial of his motion for a new trial. Shaaban had asserted that he possessed newly discovered evidence, but in rejecting this contention the district court reasoned that his materials—including a book published before trial and proffered testimony from relatives and former Iraqi agents—were known to Shaaban or readily ascertainable before trial, or were needlessly cumulative, or were unlikely to lead to acquittal in the event of a new trial. *See* FED. R. CRIM. P. 33(a). We agree with the court's conclusion and find no abuse of discretion. *See United States v. Reyes,* 542 F.3d 588, 595 (7th Cir. 2008), *cert. denied,* 129 S. Ct. 1027 (2009) (explaining that retrial based on newly discovered evidence is proper only if evidence was discovered after trial, could not have been discovered sooner, is not cumulative, and would probably result in acquittal); *Envtl. Barrier Co. v. Slurry Sys., Inc.,*

540 F.3d 598, 608 (7th Cir. 2008) (same); *United States v. Bender*, 539 F.3d 449, 455-56 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2415 (2009) (same).

Second, Shaaban contests the adverse ruling on a motion to reconsider the denial of his demand for the return of seized property. Throughout trial Shaaban had asked the district court to order the government to return seized property, including electronics, currency, postage stamps, and technology-related documents he claims are worth several million dollars. The district court put off these motions while the criminal case was pending, and then in October 2008 the court issued an order telling Shaaban that, if he wanted to pursue the return of his property, he would have to file a new civil action and either pay the filing fee or request leave to proceed *in forma pauperis.* In December 2008, Shaaban moved the district court to reconsider that decision because, he said, he could not afford the civil filing fee. But the district court declined to revisit its decision and reiterated that Shaaban should file a civil action.

On appeal, Shaaban argues that the district court erred in requiring him to start all over and file a new civil action. Shaaban has a point, or at least he would if this was an appeal from the October order instead of the December order. Federal Rule of Criminal Procedure 41(g) states that a person aggrieved by a search and seizure may move for the return of property, and that the district court must receive evidence on any factual issue necessary to decide the motion. *See* FED. R. CRIM. P. 41(g). We have held that, once a defendant has

been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding, *see United States v. Norwood,* No. 09-2507, 2010 WL 1541268, at *1 (7th Cir. Apr. 20, 2010); *United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009), *cert. denied,* 78 U.S.L.W. 3481 (U.S. Feb. 22, 2010) (No. 09-8319); *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004), so in effect the district court ordered Shaaban to do a second time what he already had done once. The district court failed to recognize that the civil action was already underway, and also failed to appreciate that Shaaban could be ordered to pay the civil fees and would be subject to the Prison Litigation Reform Act without making him jump through the hoop of filing another case. S*ee Howell*, 354 F.3d at 695.

Shaaban, however, did not timely appeal from the October decision. After waiting more than 10 days, he filed a motion to reconsider, which, because the underlying proceeding is civil, is properly construed as a motion under Federal Rule of Civil Procedure 60(b). *E.g., Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). So by the time Shaaban filed a notice of appeal, it was too late to challenge the October ruling. *See* FED. R. APP. P. 4(a)(1)(B) (providing that notice of appeal must be filed within 60 days in civil cases in which the United States is a party). Our review is limited to the denial of the Rule 60(b) motion, which cannot do service for an appeal. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir.), *cert. denied,* 129 S. Ct. 609 (2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). And with respect to that motion, there could

not have been a prejudicial abuse of discretion. Shaaban concedes that he never paid the civil filing fee or moved to proceed *in forma pauperis* with his civil action. Further still, although the district court may have erroneously required him to start over with a new civil complaint, nothing is really lost because he can still do just that. Shaaban—whose criminal proceeding in the district court closed in January 2006—has six years from the close of his criminal proceedings to initiate an action for return of his property. *See United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004).

The district court appropriately dealt with the remainder of Shaaban's postjudgment motions. Accordingly, the decisions of the district court are AFFIRMED.