NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 21, 2010
Decided August 13, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-1741

| | |
|---|---|
| 3SM REALTY & DEVELOPMENT, INC., <br> *Plaintiff*, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Superior Bank, <br> *Defendant*. <br><br> APPEAL OF: <br> MAHENDRA R. MEHTA, <br> *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois <br><br> No. 1:01-cv-08132 <br><br> William J. Hibbler, <br> *Judge*. |

**O R D E R**

This court is once again called upon to rule in the 16-year litigation saga between Mahendra Mehta and Baqar Shah.  The facts relevant to this appeal are below – the full factual background can be found in our 2004 decision, *Mehta v. Shah*, 113 Fed. Appx. 165, 166-67 (7th Cir. 2004).  In 1999, appellant Mehta obtained a substantial money judgment in the Cook County (Illinois) Circuit Court against his former business partner Baqar Shah.  Post-judgment proceedings were removed to

federal district court (Northern District of Illinois), where the district court adopted the judgment. Dist. Ct. Dkt. 1, 14.

Mehta has not been able to collect. He alleges that Baqar Shah has made several fraudulent transfers in an attempt to hide his assets to avoid paying the judgment. The present chapter of this lengthy litigation began in October 2006, when Mehta filed citations to discover assets in the district court against certain third parties that purportedly possessed Baqar Shah's assets. The targets of these citations included Devon Bank Trusts Nos. 6284, 6611, and 6659; appellee Zakir Shah, Baqar's brother, is the beneficiary of these trusts. Zakir filed motions to quash the citations against the trusts, alleging that he and the trusts had been dismissed by the initial Illinois state court judgment and released from Baqar's federal bankruptcy proceedings.

On February 13, 2007, the district court granted the motions to quash as to all three Devon Bank trusts, finding that documentary evidence supported Zakir's contentions. Dist. Ct. Dkt. 50. Mehta, appearing pro se, filed a "motion to vacate" that judgment on March 12, 2007. The heading of this motion specifically stated that it sought relief under Federal Rule of Civil Procedure 60(b). The motion made no reference to any other federal procedural rule. The district court denied this motion on February 21, 2008. Mehta filed a notice of appeal on March 24, 2008.

This court has already ruled in an interim order that this appeal is limited to review of the district court's February 21, 2008 order denying Mehta's Rule 60(b) motion to vacate. See *3SM Realty and Development, Inc. v. Federal Deposit Ins. Co.*, No. 08-1741 (7th Cir. Jan. 26, 2009) (interim order); App. Dkt. 10. We decline to revisit this ruling. As we pointed out then, Mehta did not file a timely notice of appeal of the judgment quashing the citations, and the district court did not grant an extension of the appeal period. See Fed. R. App. P. 4(a)(1)(A), 4(a)(5).

In issuing the interim order, we rejected Mehta's contention that his motion to vacate should be treated as a motion under Federal Rule of Civil Procedure 59(e) rather than under Rule 60(b). The motion explicitly stated that it sought relief under Rule 60(b), and it mentioned no other type of federal relief. See Dist. Ct. Dkt. 51. More important than the label on the motion was its timing. Even if the motion had said that it sought Rule 59(e) relief, it was not filed within 10 days of judgment as Rule 59(e) required then, and thus it still would have been construed as a motion under Rule 60(b). See, *e.g.*, *United States v. Shaaban*, 602 F.3d 877, 879 (7th Cir. 2010) (construing post-judgment motion as filed under Rule 60(b) and not Rule 59(e) where movant failed to file within 10 days of judgment, and limiting review to denial of the Rule 60(b) motion); *Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004) (where appellant filed motion to reconsider more than ten days after the court entered final judgment against her, district court correctly treated her post-judgment motion as one under Rule 60(b) instead of Rule 59(e)). Thus, we construed Mehta's post-judgment motion to vacate as a Rule 60(b) motion and limited our review to the district court's

denial of that motion. App. Dkt. 10.[1]

Mehta asserts in his brief and at oral argument that these deficiencies should be excused because he was appearing pro se and he purportedly confused the Rule 59(e) deadline with a parallel Illinois deadline. The claim of confusion is dubious because the motion to vacate so clearly asked for relief under Rule 60(b), not Rule 59(e). In any event, Mehta's status as a pro se litigant does not excuse his failure to meet the mandatory deadline for filing a Rule 59(e) motion. See *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("the district court did not abuse its discretion in finding neither her incarceration nor lack of an attorney – alone or combined – a sufficient basis" to excuse appellant's failure to meet a filing deadline; although pro se litigants "benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines") (internal citations omitted). Mehta's failure here is even less excusable; he has been an Illinois attorney for many years. Cf. *Jones v. Phipps*, 39 F.3d at 163 (pro se litigant's "access to some legal counsel made her task of showing 'good cause' or 'excusable neglect' more difficult"). We stand by our interim order and limit our review to the district court's February 21, 2008 order denying Mehta's Rule 60(b) motion to vacate. We will not review the district court's February 13, 2007 order quashing Mehta's citations to discover assets against the Devon Bank trusts.

We review a district court's denial of a Rule 60(b) motion under an "extremely deferential" abuse of discretion standard. *Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009). In doing so, "we eschew any ability (or desire) to investigate the merits" of the underlying judgment targeted by the Rule 60(b) motion. *Jones v. Phipps*, 39 F.3d at 164; accord, *McCormick v. City of Chicago*, 230 F.3d 319, 326-27 (7th Cir. 2000) (applying deferential standard to affirm denial of Rule 60(b) relief). We will not disturb the district court's decision to deny Mehta's Rule 60(b) motion unless we find that there was a substantial danger that the result was "fundamentally unjust." See *id.* at 327.

Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge*, 577 F.3d at 809 (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v.*

---

[1]At the time of the district court's order, Rule 59(e) imposed a 10-day deadline for filing. The December 1, 2009 amendments to the Federal Rules of Civil Procedure have changed this to a 28-day deadline. For the purposes of this determination, we apply the rule as it applied at the time of the order and the ensuing motion to vacate. See *Elustra v. Mineo*, 595 F.3d 699, 703–04 n.* (7th Cir. 2010); *Green v. Drug Enforcement Administration*, 606 F.3d 1296, 1300 n.2 (11th Cir. 2010). This motion was filed 27 days after the judgment was entered in the docket and therefore fell outside the applicable 10-day deadline for Rule 59(e) motions.

*Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion. In fact it is a forbidden ground").

Beyond the inexcusable filing error discussed above, Mehta's Rule 60(b) motion alleges none of the special circumstances necessary for Rule 60(b) relief. The motion does nothing more than enumerate supposed errors and deficiencies in the district court's application of the law to the facts in granting the motions to quash. The rules governing the federal courts provide a litigant ample opportunity to make such a challenge, but that opportunity is through an appeal of the judgment launched by filing a timely notice of appeal. A Rule 60(b) motion is not a substitute for the appellate process. See *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (Rule 60(b) motion may not be used as substitute for timely filing of appeal; basis for setting aside a judgment under Rule 60(b) "must be something that could not have been used to obtain a reversal by means of a direct appeal").

The arguments in Mehta's Rule 60(b) motion simply reiterate those in his response to Zakir Shah's motions to quash. The district court considered and rejected these arguments in reaching its judgment. The district court might have been right and might have been wrong on the merits, but it did not abuse its discretion when it denied Mehta's attempt to launch what amounts to an appeal through a Rule 60(b) motion. See *Hicks*, 531 F.3d at 474 (denial of Rule 60(b) motion was not an abuse of discretion where moving party did not offer any new arguments or provide new facts); *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (district court's denial of Rule 60(b) motion was not an abuse of discretion where moving party offered only arguments on the merits; "[a] Rule 60(b) motion is not a substitute for appeal, and thus [appellant]'s attempt to use it as such was appropriately rejected"). Perhaps Mehta was right on the merits, but his failure to file a timely notice of appeal forfeited his chance to seek substantive review before this court.

The district court's order denying Mehta's Rule 60(b) motion was not an abuse of discretion. We consider no other questions in this limited review. The judgment of the district court is AFFIRMED.