GLD-362                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2372
_____

UNITED STATES OF AMERICA

v.

JELANI SOLOMON,
                                            Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-05-cr-00385-001)
District Judge: Terrence F. McVerry

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 15, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Jelani Solomon, a federal prisoner, appeals from an order of the District

Court dismissing his complaint for the return of real and personal property.  For the

reasons that follow, we will summarily affirm.

    Solomon was convicted following a jury trial in the United States District Court

for the Western District of Pennsylvania of conspiracy to distribute cocaine, and murder

during and in relation to the drug trafficking crime. He was sentenced to life imprisonment. We affirmed the judgment of conviction and sentence, see United States v. Solomon, 387 Fed. Appx. 258 (3d Cir. 2010).

Through two civil *in rem* forfeiture actions, United States v. Various Parcels of Real Property, D.C. Civ. No. 05-cv-01498, and United States v. Various Vehicles Titled in the Name of Jelani Solomon, D.C. Civ. No. 06-cv-00024, the Government sought the forfeiture of six parcels of real property and numerous automobiles on the ground that the property was traceable to Solomon's drug trafficking. In Various Parcels of Real Property, the Government moved for a Final Order of Forfeiture after the property was arrested, asserting that the complaint and arrest warrant had been served on Solomon, that public notice of the action had been published in the newspaper, and that no claims, answers or appearances had been filed regarding the defendant property. The District Court granted the motion and a Judgment and Final Order of Forfeiture was entered on September 8, 2006.[1] On September 20, 2006, Solomon, through counsel, sought to stay the judicial forfeiture order. Solomon argued in his stay motion that the attorney he had retained to defend the property had done nothing on his behalf, and he asked the District Court to permit a defense to the forfeiture. The Government responded, arguing that the civil action should not be reopened because Solomon had failed to allege any meritorious defense to the forfeiture. The Government attached as exhibits cover letters indicating that the complaint and warrant had been mailed to Solomon, Inmate # FQ8081, at 801 Butler Pike, Mercer, PA 16137, the address for the State Correctional Institution in Mercer ("SCI-Mercer"). In an order entered on October 12, 2006, the District Court

---

[1] The action involving the automobiles was dismissed in part and apparently abandoned in part.

2

denied the motion to stay, agreeing with the Government that Solomon had failed to allege any meritorious defense.

On September 14, 2010, Solomon filed a pro se motion in <u>Various Parcels of Real Property</u> pursuant to Fed. R. Crim. Pro. 41(g) for return of the parcels of real property, the automobiles, and certain other items which had been *administratively* forfeited, including $6,480.00 in U.S. currency, a Rolex watch, and a diamond bracelet.[2] In this motion, Solomon argued that these items were no longer required for evidentiary purposes and thus should be returned to him. Solomon attached to the motion two Notices of Seizure, indicating that notice of the administrative proceedings had been mailed to him at SCI-Mercer on February 28, 2006. After the Government submitted a response to Solomon's Rule 41(g) motion, the District Court denied it in an order entered on October 6, 2010. Solomon did not appeal to this Court.

Shortly thereafter, Solomon filed two frivolous motions in <u>Various Parcels of Real Property</u>, seeking to challenge the District Court's jurisdiction in his criminal case. The District Court denied these motions and directed the Clerk not to accept any more filings from Solomon without prior authorization from the court.

Notwithstanding the order barring further filings, on April 24, 2013, Solomon filed another complaint pro se pursuant to criminal Rule 41(g), this time in his *criminal* case, for return of the six parcels of real property, the cash, the Rolex, and the diamond bracelet.[3] In this Rule 41(g) motion, Solomon complained that he did not receive proper

---

[2] The cash, the Rolex, and the bracelet were not seized as an exercise of the court's *in rem* jurisdiction. <u>See</u> <u>generally</u> <u>United States v. Howell</u>, 354 F.3d 693, 695 (7th Cir. 2004) (administrative forfeiture bypasses judicial system).
[3] In <u>United States v. McGlory</u>, 202 F.3d 664 (3d Cir. 2000) ) (en banc), a criminal case, we approved the use of former Rule 41(e) to press a claim of inadequate notice in

3

notice of either the civil *in rem* or administrative forfeiture proceedings, and thus his right to due process had been violated. He asserted that the Government mailed all notices to the SCI-Mercer address, but he had been removed from that facility pursuant to a writ of habeas corpus *ad prosequendum* before the notices arrived.[4] On April 21, 2006, the Drug Enforcement Agency mailed a second round of administrative forfeiture notices to him at the Washington County Jail, 100 West Cherry Avenue, Washington, PA 15301, but this was nearly three months after the items had been seized. Solomon also argued that forfeiture of the property amounted to an excess fine in violation of the Eighth Amendment, and that he had a meritorious "innocent owner" defense in that the drug trafficking occurred without his knowledge or consent.[5]

In an order entered on May 3, 2013, the District Court summarily dismissed the complaint on the grounds that Solomon "fail[ed] to set forth any additional facts which could in any way be construed as a meritorious defense to the forfeiture action or judgment" and "fail[ed] to raise any sound legal argument in support of his position or any theory not already addressed by the Court."

Solomon appeals. We have jurisdiction under 28 U.S.C. § 1291. Solomon was advised that we might act summarily to dispose of the appeal, and was invited to submit argument in writing. He has not done so.

---

administrative forfeiture proceedings. See id. at 670 (district court has jurisdiction over motion to return property styled as a Rule 41(e) motion, and should treat such motion as civil equitable proceeding).

[4] To satisfy the Due Process Clause, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 314 (1950).

[5] Solomon attached an affidavit from his sister in support of his "innocent owner" defense.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The April, 2013 motion was Solomon's third attempt to reopen the Final Order of Forfeiture entered on September 8, 2006, and his second attempt to challenge the administrative forfeiture proceedings. As a threshold matter, a Rule 41(g) motion filed in his criminal case would not be the proper vehicle for reopening the judgment in the civil *in rem* action. In any event, a party seeking to reopen a judgment long after it has been entered must demonstrate the existence of extraordinary circumstances that justify reopening the judgment. See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). "But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id.

Here, Solomon presented new theories of relief from the forfeitures more than 6½ years after the Final Order of Forfeiture issued, and 7 years after the administrative forfeitures. Because those new theories – that notice of the forfeiture actions was constitutionally inadequate, that the forfeitures amounted to an excessive fine, and that he has a meritorious "innocent owner" defense – easily could have been pursued in his prior attempts to challenge the forfeitures, he has not shown extraordinary circumstances for reopening either the civil *in rem* judgment or the administrative proceedings. After carefully reviewing the record, we agree with the District Court that Solomon failed to set forth any additional facts or sound legal argument sufficient to warrant reopening at this late date. Cf. Budget Blinds, Inc., 536 F.3d at 255 ("If the circumstances of a case are not sufficiently 'extraordinary' to outweigh the interest in the finality of judgments," reopening under Rule 60(b)(6) is not warranted).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the complaint for the return of property.