ALD-081                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2749
_____

UNITED STATES OF AMERICA

v.

JELANI C. SOLOMON,
                               Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00385-001)
District Judge: Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2021
Before: MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: March 15, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Jelani Solomon is a federal prisoner serving a sentence of life imprisonment

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imposed in 2008. He has filed many repetitive and often frivolous challenges to his criminal proceeding and to related matters over the years. Among those matters is the Drug Enforcement Agency's administrative forfeiture in 2006 of a Rolex watch, a diamond bracelet, and $6,480 in currency.

In 2010 and 2013, Solomon unsuccessfully challenged that administrative forfeiture by filing motions under Fed. R. Crim. P. 41(g) in one of his forfeiture proceedings and in his underlying criminal case. See United States v. Solomon, 533 F. App'x 77, 78-79 (3d Cir. 2013). Solomon did not appeal the denial of his motion in his forfeiture proceeding, but he appealed the denial of his motion in his criminal case and we summarily affirmed. See id. at 79-80.

About seven years later, Solomon filed in his criminal case the motion at issue here. He titled it "notarized declaration of factual averments," and he purported to bring it under the Administrative Procedure Act. In that motion, Solomon again challenged the 2006 administrative forfeiture on the basis of the same allegations that both the District Court and this Court previously concluded did not state grounds for relief.[1] The District Court construed Solomon's motion as a petition under the Administrative Procedure Act, concluded that it was untimely, and denied it on that basis.

---

[1] The DEA sent its initial notice of forfeiture to Solomon at SCI-Mercer on February 28, 2006, but Solomon had been transferred to Washington County Jail the day before. After the DEA learned of that fact, it sent another notice of forfeiture to Solomon at Washington County Jail on April 21, 2006. Solomon does not dispute that he received that notice. He claims, however, that the notice was void because the DEA sent it more than 90 days after the forfeiture. We concluded in 2013 that this argument did not state grounds to reopen Solomon's administrative forfeiture proceeding because it was available to Solomon before. See Solomon, 533 F. App'x at 79-80.

2

Solomon appeals, and the Government has filed a motion for summary affirmance. We will grant that motion and affirm. The District Court arguably should have construed Solomon's motion as another motion under Rule 41(g). See Solomon, 533 F. App'x at 79 n.3 (noting our approval in United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc), of the use of former Rule 41(e) to raise notice-related challenges to administrative forfeiture). So construed, Solomon's motion was indeed untimely. See United States v. Sims, 376 F.3d 705, 708-09 (7th Cir. 2004) (applying six-year statute of limitations under 28 U.S.C. § 2401(a) to post-judgment Rule 41(g) motion). More fundamentally, however, Solomon's repetition of his previously rejected challenges did not state any basis for relief, in his underlying criminal case or otherwise. For these reasons, we will grant the Government's motion and affirm the judgment of the District Court.