> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2021[*]
Decided August 26, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1259

| | |
|---|---|
| WILLIAM D. DICKERSON,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-02448-TWP-MPB |
| UNITED STATES OF AMERICA and CHRISTOPHER MATARELLI,<br>*Defendants-Appellees*. | Tanya Walton Pratt,<br>*Chief Judge*. |

**O R D E R**

William Dickerson has sued the United States under the Federal Tort Claims Act, *see* 28 U.S.C. §§ 2671–80, about events from 20 years ago that he raised in a suit decided 15 years ago. He seeks the return of nearly $20,000 in cash that Christopher Matarelli, a

---

[*] The appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

customs agent, obtained after Indiana state troopers seized it from Dickerson in 2001. When Dickerson did not administratively contest the cash's forfeiture, the money was civilly forfeited to the United States. Dickerson alleges that in 2006 he sued in federal court to challenge the forfeiture under 18 U.S.C. § 983. That suit was dismissed for lack of subject-matter jurisdiction because he admitted that he had received proper notice of the forfeiture. *Dickerson v. United States*, No. 1:06-cv-512-JDT-TAB (S.D. Ind. Sept. 15, 2006) (citing *Chairez v. United States,* 355 F.3d 1099, 1101 (7th Cir. 2004) (ruling that receipt of notice of forfeiture deprives district court of jurisdiction to review forfeiture)). In the present case, the district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2), ruled that the doctrine of res judicata bars Dickerson from suing again on this claim, and dismissed the case for lack of "subject-matter jurisdiction."

Dickerson argues on appeal that the doctrine of res judicata does not bar his current suit. He argues that the doctrine requires a decision on the merits, *see Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011), and the 2006 dismissal for lack of subject-matter jurisdiction was not on the merits, *see Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015). But dismissals for want of subject-matter jurisdiction "are preclusive with respect to the jurisdictional ruling." *Hill v. Potter*, 352 F.3d 1142, 1146–47 (7th Cir. 2003). The district judge in Dickerson's 2006 case ruled that, because he admitted to receiving adequate notice of the forfeiture proceeding, federal courts lack subject-matter jurisdiction over his suit under 18 U.S.C. § 983. Dickerson may not relitigate that ruling. Although he now cites the Federal Tort Claims Act in his second attempt to recover the civilly forfeited funds, he concedes that his sole remedy for the return of those funds is under § 983. *See* § 983(e)(5); *Chairez*, 355 F.3d at 1101. The ruling in his 2006 case that federal courts do not have jurisdiction over his § 983 claim thus precludes Dickerson's second challenge to the forfeiture.

Because the judge correctly dismissed this case on preclusion grounds, the dismissal was a decision on the merits. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017). When a dismissal on the merits is labeled as one based on lack of "subject-matter jurisdiction," we may modify the judgment to reflect that it is on the merits. *See Wisconsin Valley Improvement Co. v. United States*, 569 F.3d 331, 336 (7th Cir. 2009).

Accordingly, we AFFIRM the judgment as modified to be with prejudice.