CLD-071                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2969
_____

UNITED STATES OF AMERICA

v.

JELANI C. SOLOMON,
                                                Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-05-cr-00385-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2023
Before:  GREENAWAY, JR., MATEY and FREEMAN, <u>Circuit Judges</u>

(Opinion filed February 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jelani Solomon is a federal prisoner serving a sentence of life imprisonment. His repetitive and often frivolous filings have led the District Court to enter at least two orders directing its Clerk to reject any filings by Solomon in his criminal case that are not preauthorized by the Court. See United States v. Solomon, 828 F. App'x 86, 87 (3d Cir. 2020) (noting that Solomon did not appeal those orders). At least three of Solomon's prior challenges related to an administrative forfeiture obtained by the Drug Enforcement Agency in 2006. The District Court rejected those three challenges and, although Solomon did not appeal the first ruling, he appealed the other two and we affirmed. See United States v. Solomon, 839 F. App'x 679, 680 (3d Cir. 2021); United States v. Solomon, 533 F. App'x 77, 79-80 (3d Cir. 2013).

Solomon later sought to bring a fourth such challenge by filing with the District Court the motion at issue here—i.e., a motion for preauthorization to file a motion under Fed. R. Civ. P. 60(b)(4) in order to challenge the forfeiture as "void." Solomon argued, as he had before, that he did not receive adequate notice of the forfeiture. This time, however, he relied on a purported concession by the Government that notice had been inadequate. The District Court denied authorization to file the Rule 60(b)(4) motion because it did not state any basis for relief.

Solomon appeals, and we will summarily affirm because this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6. We make that determination largely for the reasons explained by the District Court. We add that

2

Solomon's reliance on the Government's purported concession is doubly frivolous.  The statement on which Solomon relies was not a concession, and it was available to him during his previous challenge.[1]

    For these reasons, we will affirm the judgment of the District Court.

---

[1] Solomon's last challenge took the form of a "declaration of factual averments"  (ECF No. 1036), the denial of which we affirmed in Solomon, 839 F. App'x at 680.  Solomon now relies on a statement in the Government's response in opposition to that filing.  (ECF No. 1045.)  That statement—"the notice did not reach the Claimant until after the 60-day statutory deadline"—was part of a quotation from a different case.  (ECF No. 1045 at 7) (quoting United States v. $4,340.00 in U.S. Currency, No. C16-40I8, 2016 WL 3552242, at *3 (N.D. Iowa June 23, 2016)).  It is not a concession that Solomon did not receive adequate notice in this case and, even if it were, it was available to him during his prior challenge.  We note, once again, that we repeatedly have rejected Solomon's belated efforts to challenge the forfeiture for inadequate notice.  See Solomon, 839 F. App'x at 680 n.1 (citing Solomon, 533 F. App'x at 78-79).

3