**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

Nos. 24-2371, 24-2372 & 25-1315
_____

UNITED STATES OF AMERICA

v.

VARIOUS PARCELS OF REAL PROPERTY

> \*Jelani C. Solomon, Appellant in C.A. No. 24-2371
> \*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

UNITED STATES OF AMERICA

v.

VARIOUS VEHICLES TITLED IN
THE NAME OF JELANI SOLOMON

> \*Jelani Solomon, Appellant in C.A. No. 24-2372
> \*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

UNITED STATES OF AMERICA

v.

JELANI C. SOLOMON,
> Appellant in C.A. No. 25-1315
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2:06-cv-00024 & 2:05-cv-01498 and
D.C. Crim. Action No. 2:05-cr-00385-001 )

_____

Submitted in C.A. Nos. 24-2371 & 24-2372 for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and
Submitted in C.A. No. 25-1315 for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 3, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 8, 2025)
_____

OPINION[*]
_____

PER CURIAM

Jelani Solomon is a federal prisoner serving a life sentence for drug trafficking and murder. His conduct also resulted in three long-concluded forfeiture actions—a 2005 civil forfeiture action in which he forfeited parcels of real property (W.D. Pa. Civ. No. 2:05-cv-01498), a 2006 civil forfeiture action in which he forfeited automobiles (W.D. Pa. Civ. No. 2:06-cv-00024), and an administrative forfeiture action in which he forfeited a Rolex watch, a diamond bracelet, and $6,480 in currency. See United States v. Solomon, 533 F. App'x 77, 78 & n.2 (3d Cir. 2013) (per curiam).

Solomon has filed many repetitive and otherwise frivolous challenges to his conviction and related matters over the years. Those challenges ultimately led the District Court to enter at least three orders directing its Clerk to reject any further filings

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

that were not preauthorized by the court. (W.D. Pa. Civ. No. 2:05-cv-01498, ECF No. 31; W.D. Pa. Crim. No. 2:05-cr-00385-001, ECF Nos. 912 & 946.) Solomon did not appeal those orders. See United States v. Solomon, No. 22-2969, 2023 WL 1775662, at *1 (3d Cir. Feb. 6, 2023) (per curiam) (so noting as to the orders in the criminal case).

Solomon's challenges—both before and after those orders—have included at least three belated challenges to the civil forfeitures, see Solomon, 533 F. App'x at 79-80, and at least four belated challenges to the administrative forfeiture, see Solomon, 2023 WL 1775662, at *1. Solomon has argued, inter alia, that the District Court should reopen the these proceedings under Fed. R. Civ. P. 60(b)(6) and order return of his property under Fed. R. Crim. P. 41(g) because he lacked adequate notice of these proceedings. See, e.g., Solomon, 533 F. App'x at 79. But as we explained over ten years ago, that argument and Solomon's others "easily could have been pursued in his prior attempts to challenge the forfeitures" and he thus "has not shown extraordinary circumstances for reopening either the civil in rem judgment[s] or the administrative proceedings." Id. at 80.

At issue here is a motion that Solomon filed for authorization to file another motion under Rules 60(b) and 41(g) seeking return of the same property. Solomon filed that motion in his two civil forfeiture cases and in his underlying criminal case. By single order entered in all three cases, the District Court denied the motion because Solomon did not raise grounds for relief. Solomon appeals.[1]

---

[1] The District Court denied the motions by order entered in each case on June 26, 2024. In Solomon's criminal case, the court later received a reply brief that Solomon mailed before the court entered its June 26 order. Thus, the court reviewed Solomon's reply brief and then entered a further order in each case on July 15, 2024, providing that its

We will affirm. The only thing new that Solomon raised was the decision in Culley v. Marshall, 601 U.S. 377 (2024). In that case, the Court explained that, "[a]fter a State seizes and seeks civil forfeiture of personal property, due process requires a timely forfeiture hearing but does not require a separate preliminary hearing." Id. at 386. Solomon apparently relied on Culley for its recognition that due process requires a timely post-seizure forfeiture hearing. But Culley did not newly recognize that right and instead relied on authority establishing it decades before. See id. at 386-87 (discussing United States v. Von Neumann, 474 U.S. 242 (1986), and United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983)). Thus, as with Solomon's previous challenges, any challenge based on the lack of a forfeiture hearing "easily could have been pursued in his prior attempts to challenge the forfeitures." Solomon, 533 F. App'x at 80.

Cully does not otherwise provide a basis for relief. The actual holding of Cully is that, although due process requires a timely post-seizure forfeiture hearing, it does not also require a preliminary hearing before that forfeiture hearing. See Culley, 601 U.S. at 380-81, 393. That holding does not undermine the validity of the forfeitures at issue here and thus does not provide any basis to reopen these forfeiture proceedings. See, e.g., Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015) (explaining that "a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position").

_____

denial of authorization remained in effect. Solomon mailed his notice of appeal for each case before the court entered its July 15 order, and he specified that he was appealing from the initial June 26 order. He has not appealed from the July 15 order.

Finally, Solomon has filed a letter pursuant to Fed. R. App. P. 28(j) in two of these appeals noting that, in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), the Supreme Court overruled Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). But Solomon does not explain why he believes that ruling is relevant to any issue on appeal, and it is not.

For these reasons, we will affirm the judgments of the District Court. Solomon's requests for a briefing schedule or summary reversal are denied. To the extent that his filings can be construed to request any other relief, such relief is denied as well.