In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-1063

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LAWRENCE STEVENS, also known
as SHADOW,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 CR 20037—**Michael P. McCuskey**, *Chief Judge*.

———————

SUBMITTED JULY 18, 2007—DECIDED AUGUST 31, 2007

———————

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
ROVNER, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Lawrence Stevens, a federal inmate,
appeals from the denial of what he characterizes as a
"motion for return of property" in a criminal case that is
long over. For the reasons set forth in this opinion, we
vacate the judgment of the district court and remand
for further proceedings.

**I**

**BACKGROUND**

In March 2002, two armed men robbed the Land of Lincoln Credit Union ("Credit Union") in Decatur, Illinois, of $113,000. Nine days later one of the suspected robbers, Alban Woods, was found shot to death. The investigation of the robbery and murder led the police to Mr. Stevens, who was staying at a house in Decatur. The Macon County Sheriff's Department secured the premises and later executed a search warrant for the residence. The search resulted in the seizure of various items, including crack cocaine, firearms and ammunition, a postal scale covered with cocaine residue, a cellular phone, $49,312 in currency[1] and two cars—one Buick Roadmaster and one Lincoln Towncar—that Mr. Stevens had purchased with cash within days of the robbery.

Mr. Stevens was charged in a three-count indictment with federal drug and firearms offenses stemming from the search in the Central District of Illinois. In 2004, a jury found Mr. Stevens guilty of the drug and firearms offenses, and he was sentenced to a term of 327 months' imprisonment to be followed by a consecutive term of life imprisonment. The district court also imposed a special

---

[1] The Government, in its response to Mr. Stevens' motion for return of property, identifies $15,750 recovered from Mr. Stevens' bedroom, $1,580 found hidden above ceiling tiles and another $31,982 also hidden above ceiling tiles. Theses amounts come to a total of $49,312. However, the response states that the total currency found was "approximately $40,000." The Government offers no explanation for these discrepancies in its response.

assessment of $300, but the sentence made no reference to any restitution or forfeiture of the items seized as a result of the search of his home. We affirmed the conviction and sentence on direct appeal. *See United States v. Stevens*, 380 F.3d 1021 (7th Cir. 2004).

In November 2006, Mr. Stevens filed a motion under the docket number of his criminal case under Federal Rule of Criminal Procedure 41(g); he demanded return of unspecified property seized in connection with that prosecution. Mr. Stevens attached a letter from the Illinois State's Attorney for Macon County, which informed him that property, other than that identified in a state forfeiture proceeding, had been handled by federal authorities. The district court ordered a response, and the Government replied that the motion should be denied on the ground that it no longer possessed any of the items seized during the search of Mr. Stevens' Decatur residence. The Government stated that items seized had been disposed of as follows:

(1) Both cars had been forfeited judicially in proceedings in the Central District of Illinois.

(2) The $15,750 found in Mr. Stevens' room and the $1,580 found hidden above ceiling tiles had been used as evidence in Mr. Stevens' criminal trial and subsequently turned over to the Macon County Sheriff's Department for state forfeiture proceedings identified in the letter attached to Mr. Stevens' motion.

(3) The cellular phone and postage scale had been used as evidence in Mr. Stevens' federal criminal trial and subsequently had been destroyed by the clerk of the court.

(4) The crack likewise had been used as evidence in Mr. Stevens' federal criminal trial and subsequently had been returned to the Macon County Sheriff's Department, which, in turn, had destroyed the crack.

(5) The guns and ammunition also had been used in Mr. Stevens' federal criminal trial and subsequently had been turned over to the Macon County Sheriff's Department for use in its investigation into the murder of Woods, Mr. Stevens' suspected confederate in the Credit Union robbery.

(6) The $31,982 recovered from the ceiling tiles had been turned over to the Federal Bureau of Investigation ("FBI") for its investigation into the robbery of the Credit Union and subsequently was returned to the Credit Union by the FBI.

The Government offered no evidence in support of these assertions in its response brief.

The Government also informed the district court that Mr. Stevens' motion must be treated as a civil proceeding and, therefore, was governed by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA").

The day after receiving the Government's response brief, the court denied Mr. Stevens' motion. In the order denying the motion, the court summarized the Government's "arguments" and stated that it agreed with them. The court did not address the PLRA's procedural requirements.

Mr. Stevens then filed a reply to the Government's response. In this document, Mr. Stevens identified the

specific items he wanted returned. These items included the currency, cars, cellular phone and postage scale identified in the Government's response brief. Mr. Stevens also identified several items of clothing and jewelry, a pager and videos that he alleged also had been seized. Further, Mr. Stevens asserted that no forfeiture actions had been conducted with respect to his vehicles.

After evaluating Mr. Stevens' reply, the district court concluded that it found "no reason to change its conclusion" that Mr. Stevens was "not entitled to the relief sought." The court then denied as moot Mr. Stevens' pending application to proceed in forma pauperis on his motion for return of property.

## II

## DISCUSSION

Mr. Stevens appeals the district court's denial of his motion for return of property. Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism by which criminal defendants may recover property seized by the Government.[2] We have held that a federal prisoner may employ Rule 41(g) post-trial to recover evidence that

---

[2] Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If the court grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

the Government no longer needs. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). However, Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g).[3] *See Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003).

---

[3] The only proper object of a Rule 41(g) motion is recovery of actual property seized. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003). Such a motion will not support a claim against the Government for restitution or recovery of the proceeds of a forfeiture proceeding.

We have recognized that a federal prisoner may assert a civil action challenging the forfeiture of property on due process grounds based on the allegation that he had not received notice of the forfeiture proceedings. *See United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (comparing a civil action to recover property taken without due process of law with a Rule 41(g) motion for the return of property). At least two of our sister circuits have held that district courts should construe a Rule 41(g) motion for the return of property as a civil complaint alleging a due process violation when the motion seeks to challenge a forfeiture rather than to recover specific property. *See, e.g.*, *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996). Although we have not addressed that particular issue, we need not determine whether the district court should have construed Mr. Stevens' motion as a complaint in a new civil case. Even though Mr. Stevens does assert that he received no notice of any forfeiture proceedings, his arguments before the district court and in this court reveal that he seeks to recover specific property, not restitution or the proceeds from a forfeiture proceeding. Indeed, Mr. Stevens denies that any forfeiture proceeding actually occurred.

The Government contends, and the district court agreed, that Mr. Stevens was not entitled to the return of property under Rule 41(g) because the Government no longer possesses the property he seeks to recover. However, whether the Government still possesses the property at issue is a question of fact. Rule 41(g) provides that the district court "*must* receive *evidence* on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). As this provision makes clear, any factual determinations supporting the court's decision must be based on evidence received. This requirement does not mean that a district court must conduct an evidentiary hearing to resolve all factual disputes. It does require, however, that the district court receive evidence to resolve factual disputes. *See United States v. Albinson*, 356 F.3d 278, 281-82 (3d Cir. 2004). Such evidence may come, for example, in the form of sworn affidavits or documents verifying the chain of custody of particular items. *Id.* at 282.

Here, the district court received *no* evidence regarding the Government's possession of the property Mr. Stevens sought to recover. The court stated simply that it agreed with the Government's arguments in its brief. However, arguments in a Government brief, unsupported by documentary evidence, are *not* evidence.[4] *See Campania Mgmt.*

---

[4] Although the district court would be entitled to take judicial notice of the federal forfeiture proceedings related to the vehicles seized and the state forfeiture proceeding related to a portion of the cash seized, *see* Fed. R. Evid. 201(a)-(b) (providing for judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Opoka v. INS*, 94 F.3d 392,

(continued...)

*Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence."); *see also Albinson*, 356 F.3d at 281 ("[T]he government must do more than state, without documentary support, that it no longer possesses the property at issue." (citing *United States v. Chambers*, 192 F.3d 374, 377-78 (3d Cir. 1999)). As such, the district court failed to receive evidence to support its factual determinations as required by Rule 41(g).

We add that we have stated previously that a Rule 41(g) motion is a civil action for purposes of the PLRA, and thus subject to the PLRA's provisions on remand. *See United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004); *see also United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000) (per curiam).

### Conclusion

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. On remand, the district court should receive evidence and make the appropriate factual findings with respect to the current status of the property Mr. Stevens seeks to recover.

VACATED and REMANDED

---

[4] (...continued)
394 (7th Cir. 1996) (recognizing proceedings of state and federal courts as the proper subject of judicial notice), the district court did not state in its order that it had done so in this case, nor did the Government request that it do so. In any event, even if the district court were to take judicial notice of these proceedings, factual issues remain as to the other property seized.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*