**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009
Decided August 18, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-4209

| | |
|---|---|
| LAWRENCE STEVENS, <br>     *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:08-cv-00375-WTL-TAB |
| HELEN J. MARBERRY, <br>     *Respondent-Appellee.* | William T. Lawrence, <br> *Judge.* |

**O R D E R**

Lawrence Stevens is serving a sentence of life imprisonment for drug and firearm offenses. He appealed, and we affirmed his conviction. *United States v. Stevens*, 380 F.3d 1021, 1023 (7th Cir. 2004). He filed a motion to vacate the judgment, *see* 28 U.S.C. § 2255, which was denied in 2007.

Stevens also filed a civil case against the government, arguing that certain property which was seized from him in the course of the criminal investigation should be returned. *See United States v. Stevens*, 500 F.3d 625 (7th Cir. 2007). Included in that property was nearly $50,000 in cash. According to Stevens, during the civil case the government

admitted that the money was stolen from a credit union, even though, he says, the money was used in his criminal case as evidence that he was trafficking drugs.

This discrepancy prompted Stevens to file an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a second or successive motion to vacate. He argued that the purportedly inconsistent positions taken by the prosecutor entitled him to file another § 2255 petition. We denied his application both because the prosecutor's positions were not inconsistent and because there was still ample evidence of his guilt of drug trafficking, so a reasonable fact-finder would still have found him guilty. *See* § 2244(b)(2); *Stevens v. United States*, No. 08-2312 (7th Cir. June 16, 2008).

Stevens next filed a petition pursuant to 28 U.S.C. § 2241 in which he presented the same argument. He argued that § 2255 was inadequate to test the legality of his detention because he could not satisfy the standards for authorization and thus he could persue the claim in a § 2241 petition. The district court concluded that Stevens's arguments could have been and were raised in his prior § 2255 petition and in his § 2244(b)(3) application. Accordingly, it dismissed the petition for lack of jurisdiction. Stevens argues that the district court should not have dismissed his case, because, he says, he has no other means of challenging his conviction. But he did have another means of challenging his conviction, through seeking permission to file a successive collateral attack. We denied that permission, and he cannot use § 2241 as a means to circumvent the bar on successive § 2255 petitions because he is unhappy with that result. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

Accordingly, the judgment of the district court is **AFFIRMED**. Stevens's motion for appointment of counsel is **DENIED**.