In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3857

JAMES STUART, JR.,

*Plaintiff-Appellant,*

*v.*

MATTHEW J. RECH III,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-C-0507—**Charles N. Clevert, Jr.**, *Chief Judge.*

SUBMITTED APRIL 14, 2010—DECIDED MAY 5, 2010

Before BAUER, POSNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* A magistrate judge issued a warrant for federal officers to search the premises of a company of which James Stuart is a principal, for evidence of tax evasion. Stuart moved for the return of the property seized in the search, arguing that the search had violated the Fourth Amendment. The motion was assigned to the magistrate judge who had issued the warrant, and he properly construed it as a motion

for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure, though Stuart, who was pro se, hadn't labeled it a Rule 41(g) motion. (The criminal investigation against Stuart for tax evasion apparently is proceeding, though he has not yet been charged.)

Several months later, Stuart, still pro se, filed another pleading, this one captioned "replevin," that names as the only defendant Matthew Rech, the Internal Revenue Service agent who had applied for the search warrant. The pleading contends that in the course of the search Rech seized chemical formulas worth millions of dollars, and demands damages as well as the return of the property or, if Rech no longer has it (it would be unusual for the law enforcement agent who had executed a search warrant for corporate documents to retain them in his personal possession), restitution of its pecuniary value. The pleading was assigned to a district judge, who dismissed it on the ground that it was "equivalent" to the Rule 41(g) motion.

The magistrate judge had denied Stuart's initial motion, correctly characterized as a Rule 41(g) motion, and Stuart has not appealed that denial. But we pause to note the oddity, and probably the irregularity, of the magistrate judge's having denied the motion rather than recommended that the district judge deny it. We can't find in 28 U.S.C. § 636(b), which lists a magistrate judge's powers, or in the cases construing that section, authority for a magistrate judge to rule finally on Rule 41(g) motions. See *Gomez v. United States*, 490 U.S. 858, 873-

74 (1989); *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987). We have found numerous cases in which a magistrate judge who is asked to consider a Rule 41(g) motion issues a report and recommendation to the district judge, pursuant to § 636(b)(1)(B), see *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *Clymore v. United States*, 415 F.3d 1113, 1114-15 (10th Cir. 2005); *United States v. Martinez*, 241 F.3d 1329, 1330 (11th Cir. 2001); *United States v. Torres Gonzalez*, 240 F.3d 14, 15 (1st Cir. 2001); *United States v. Manelli*, 667 F.2d 695, 697 (8th Cir. 1981), but none in which an appellate court reviewed a magistrate judge's decision granting or denying a Rule 41(g) motion.

No matter; Stuart's appeal is from the district judge's denial of the "replevin" pleading, to which we now turn. As explained in our recent decision in *United States v. Norwood*, No. 09-2507, 2010 WL 1541268, at *1 (7th Cir. Apr. 20, 2010), a similar case, the only relief that can be obtained under Rule 41(g) is a return of property. If, however, in this case, as in *Norwood*, the owner of the property also seeks monetary relief, and is proceeding pro se, he should not be turned away merely because Rule 41(g) does not authorize such relief—especially when the relief is requested in a separate pleading (not labeled a motion), and when in addition, unlike the situation in *Norwood*, the claimant pays the full fee for filing a civil complaint and arranges for service of the complaint on the defendant. The pleading was indeed "equivalent" to Stuart's Rule 41(g) motion in the sense that both claims were founded on the identical seizure of his property. But the denial of the Rule 41(g) motion

could not be given res judicata effect in the "replevin" action; Stuart could not have sought monetary relief under Rule 41(g) and therefore cannot be faulted for seeking it in a different action.

In this case, more clearly than in *Norwood*, the pro se's pleading—the misnamed replevin action—tracks (without mentioning) *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes a federal common law action for damages against federal agents who violate the Fourth Amendment. See also *Groh v. Ramirez*, 540 U.S. 551 (2004); *Saffell v. Crews*, 183 F.3d 655 (7th Cir. 1999); *Michalik v. Hermann*, 422 F.3d 252 (5th Cir. 2005). Stuart's pleading sought return of the property, or restitution if Rech no longer has it, as relief additional to damages; but the implied right of action authorized by *Bivens* is not affected by the particular relief sought. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002); see also *Farmer v. Brennan*, 511 U.S. 825, 850-51 (1994); *Ross v. Meese*, 818 F.2d 1132, 1134-35 (4th Cir. 1987).

The government has a legitimate concern with the potential of a *Bivens* suit to disrupt a criminal proceeding against the plaintiff in that suit. But that concern can be accommodated by asking the court to stay the suit. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Evans v. Poskon*, No. 09-3140, 2010 WL 1507831, at *1 (7th Cir. Apr. 16, 2010).

Stuart's pleading was properly denied, but not on the district judge's ground; it was a bona fide civil complaint, not a Rule 41(g) motion. But it had no possible merit. The only ground on which it challenged the search was that the federal government has jurisdiction

only in federal enclaves (such as the District of Columbia, a federal building, or a military base), and the premises searched by Agent Rech are not a federal enclave. Stuart's theory is a variant of a standard tax-protester theory, denying the federal government's authority over activity that occurs on land within states that is not federal land. We have called this theory "frivolous squared." *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999); see also *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991). The "replevin" pleading, with its *Bivens* claim, was rightly denied.

AFFIRMED.