**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 12, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3174

| | |
|---|---|
| VAN JACKSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:09-cv-0956-RLY-JMS |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee.* | Richard L. Young, |
| | *Chief Judge*. |

**O R D E R**

In December 2008 Van Jackson filed a motion under Federal Rule of Criminal Procedure 41(g) (formerly Rule 41(e)) seeking the return of property seized as a result of a 1999 drug investigation. Following brief discovery the district court determined that the United States no longer possessed the property that Jackson sought and dismissed the case

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

for lack of jurisdiction. Nearly two months later, Jackson simultaneously filed a motion to reconsider and a motion to appeal. Given the timing of the motion to reconsider, the district court construed it as a motion under Federal Rule of Civil Procedure 60(b) and denied it. The district court ordered the "motion to appeal" processed as a timely notice of appeal. *See* FED. R. APP. P. 4(a)(1)(B). We affirm.

The following are the undisputed material facts viewed in the light most favorable to Jackson. *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1022 (7th Cir. 2011). In 1999, an Indiana state court issued a warrant to search the Indianapolis, Indiana, residence occupied by Jackson and his then-girlfriend. During the execution of the search warrant in May 1999, state and federal officers recovered $81,500 in cash. Later that same day, officers also searched—with the consent of Cecil Burris, an authorized user—a storage unit rented to Jackson and Burris' sister. Several items, including a Rolex watch, were recovered in the search. All items seized were initially stored at the FBI's Evidence Control Center. Shortly thereafter, $2,500 of the funds were returned to Jackson's girlfriend; the FBI released the remaining $79,000 to the custody of the Indianapolis police department in 2001.

Also in 2001 the State of Indiana and the City of Indianapolis filed a state forfeiture proceeding against Jackson seeking the forfeiture of the funds. The state court found in favor of the state and city and declared the $79,000 forfeited. The Rolex watch was returned to Burris in 2009.  The finality of the state-court forfeiture action requires that we pause to consider whether the *Rooker-Feldman* doctrine deprived the court of subject-matter jurisdiction. Under that doctrine, district courts lack jurisdiction in cases brought by state-court losers who seek review and rejection of civil state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine does not apply here, however, because Jackson is pursuing a claim against a defendant (the United States) that was not a litigant in the state action. *Lance v. Dennis*, 546 U.S. 459, 464-65 (2006).

On appeal, Jackson contends that the district court abused its discretion when it concluded that, because the United States no longer possessed the property, the court lacked jurisdiction to consider his claims. Specifically, he argues that Rule 41(g) proceedings are "equitable" and that the district court can employ its inherent equitable power to return his funds to him. But the district court was correct to conclude that it lacked jurisdiction: Rule 41(g) proceedings permit the recovery in equity only of property in the Government's possession. *See Stuart v. Rech*, 603 F.3d 409, 411 (7th Cir. 2010); *United States v. Norwood*, 602 F.3d 830, 832-33 (7th Cir. 2010); *United States v. Stevens*, 500 F.3d 625, 628 n.3 (7th Cir. 2007); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003). As the district court noted, the Indiana state court, the first jurisdiction to assert authority over the forfeiture proceedings, could do so to the exclusion of the federal courts' later proceedings. *See Penn General Casualty Co. v.*

*Pennsylvania*, 294 U.S. 189, 195 (1935); *United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120, 121-22 (7th Cir. 1991); *United States v. $79,123.49 in U.S. Cash and Currency*, 830 F.2d 94, 96 (7th Cir. 1987). And Indiana state law provides that the "court trying the cause" retains control over seized property; here, both the warrant and the first forfeiture proceeding took place in Indiana state court. *See* IND. CODE § 35-33-5-5. Furthermore, the forfeiture has long since been final. The vast majority of the property Jackson seeks, the $79,000 in cash, was forfeited almost 10 years ago in a state proceeding to which he was a party—the appropriate time and place to contest the forfeiture was at that state hearing. Jackson now claims that he was unaware of the 2001 state forfeiture proceeding, but his own filings to the state appellate court in January 2002 show that he appealed (or sought to appeal) the state forfeiture proceeding. The undisputed record also shows that the Rolex watch seized from the storage unit was also returned.

Jackson also contends that the district court erred by failing to permit him to amend his complaint to introduce due process and Fourth Amendment claims against the United States. But the district court correctly concluded that any amendment would have been futile. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). As noted above, Rule 41(g) is a civil proceeding that permits only equitable relief–the return of Jackson's property. And Jackson in his brief specifically disclaims either seeking individual relief against the agents who prosecuted him or pursuing any action in damages. In any event, either approach would be untimely: the events giving rise to any constitutional claims occurred between 1999 and 2001, more than ten years before Jackson filed his Rule 41(g) motion. Any claim for damages that Jackson might bring against the United States (for example, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80) would be barred by the six-year statute of limitations applicable to constitutional claims against the United States. 28 U.S.C. § 2401(a). And any claim Jackson might seek to add individually against the federal agents involved in his prosecution under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), would likewise be barred by the 2-year statute of limitations governing *Bivens* claims arising in Indiana. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000).

AFFIRMED.