NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 5, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3527

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-146 |
| MARK A. CUBIE, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Judge*. |

**O R D E R**

Mark Cubie appeals the denial of his motion under Federal Rule of Criminal Procedure 41(g) for the return of property that police seized during the investigation that led to his drug and firearm prosecutions. He contends that the district court should have conducted an evidentiary hearing to resolve certain factual questions. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

After Cubie pleaded guilty to conspiring to distribute cocaine and marijuana and carrying a firearm during that crime, *United States v. Nicksion*, 628 F.3d 368 (7th Cir. 2010), he moved under Rule 41(g) for the return of seized property. First, during a traffic stop after a controlled buy in a parking lot, police had found approximately $200 in currency on Cubie and another $6,500 when they searched his Cadillac Eldorado. Then, after releasing and eventually arresting Cubie, the police—supported by a warrant—searched his apartment and seized Cubie's Eldorado and $10,000 more.

When the government responded to Cubie's 41(g) motion that the money from the apartment was forfeited during his prosecution, Cubie abandoned his request for the return of the $10,000.

The district court then denied Cubie's motion, noting that the car and $6,700 from the traffic stop had both been forfeited. The government submitted records of a Wisconsin court proceeding at which the Eldorado was forfeited to a local police department because it was used in the drug offense, *see* WIS. STAT. § 961.55(1)(d); the federal government could not return a car that it did not possess, the district court observed. The government also informed the court that the $6,700 had been administratively forfeited to the United States Drug Enforcement Agency (which assisted the investigation), and was allowed to provide documentation of the administrative forfeiture the next day. Cubie moved the court to reconsider its ruling that the car and money had been forfeited, but the court declined the request because Cubie provided no evidence to rebut the government's records.

On appeal Cubie continues to concede that he forfeited the $10,000 seized from his apartment but insists that Rule 41(g) required the district court to conduct an evidentiary hearing to resolve two lingering factual disputes. First, he questions the chain of custody for the Eldorado. He argues that the DEA seized his car and then gave it to Wisconsin police to avoid federal forfeiture proceedings. (He attaches to his appellate brief an affidavit from a DEA agent purportedly showing that the federal agency and not local police seized the car. In the affidavit the DEA agent swears that the Eldorado "was seized subsequent to the arrest of the defendant.") Second, he asserts that he was not informed of the DEA's forfeiture proceedings and that the district court should have recast his request under Rule 41(g) for the return of the $6,700 as a claim of insufficient notice in violation of 18 U.S.C. § 983(e).

Contrary to Cubie's contention, Rule 41(g) does not require district courts to conduct a full evidentiary hearing; the Rule requires only that courts "receive evidence"

to support their factual determinations on contested points. *See United States v. Stevens*, 500 F.3d 625, 628–29 (7th Cir. 2007). Here the district court received records reflecting that Cubie's car was forfeited to local police. This was indeed reason enough to deny the request for the car, since Rule 41(g) provides no relief if the federal government does not possess the property. *Stevens*, 500 F.3d at 628; *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003); *see also United States v. Norwood*, 602 F.3d 830, 832–33 (7th Cir. 2010). Though the federal government may not transfer property to an agent to hide or sell in order to defeat a Rule 41(g) motion, *Okoro*, 324 F.3d at 491, Cubie did not present the DEA agent's affidavit to the district court, and we will not consider evidence submitted for the first time on appeal, *see United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005); *United States v. Raymond*, 228 F.3d 804, 809 n.5 (7th Cir. 2000). Further, to the extent that the court relied solely on the government's assertion (unsupported at the time) that the $6,700 taken during the traffic stop had been forfeited to the DEA, that was error. *See Stevens*, 500 F.3d at 628–29. But that error was harmless because the government provided records of the administrative forfeiture the next day, and in any event a Rule 41(g) motion is not the appropriate mechanism to recover property lost to administrative forfeiture. *See United States v. Sims*, 376 F.3d 705, 707–08 (7th Cir. 2004); *United States v. Howell*, 354 F.3d 693, 695–96 (7th Cir. 2004). Even if the district court had recast his claim as one of inadequate notice under 18 U.S.C. § 983(e), as Cubie now insists it should have, the time for such a challenge to the 2005 administrative forfeiture had passed when Cubie filed his motion in 2011, *id.* § 983(e)(3) (setting statute of limitations at five years); *Simms*, 376 F.3d at 707.

**AFFIRMED**.