NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016[*]
Decided May 25, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3796

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-30003-001 |
| PATRICK B. WALLACE, <br> *Defendant-Appellant*. | Richard Mills, <br> *Judge*. |

**O R D E R**

Patrick Wallace appeals for a second time from the denial of his motion under Federal Rule of Criminal Procedure 41(g) for the return of property that police seized during the investigation that led to his drug conviction. We vacate the district court's order and again remand for further proceedings.

Law enforcement agents executed a state search warrant at Wallace's home in December 2011 and seized, among other things, $4,290 in cash, cocaine, marijuana, drug

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

paraphernalia, several cell phones, three laptop computers, an iPod, a GPS device, a pair of speakers, four televisions, a washer and dryer, and a 2008 Buick Lucerne. The investigation culminated in a federal jury trial, after which Wallace was convicted of possession with intent to distribute at least 280 grams of crack cocaine, and we affirmed. *United States v. Wallace*, 753 F.3d 671 (7th Cir. 2014). In the meantime, the district court concluded that the seized money was subject to forfeiture, *see* 21 U.S.C. § 881(a)(6), and we dismissed Wallace's pro se appeal from that ruling as frivolous. *United States v. $4290.00 in U.S. Currency*, No. 14-2192 (7th Cir. Nov. 4, 2014).

Wallace then moved under Rule 41(g) for the return of the rest of the seized items that were not drugs or drug paraphernalia—32 items in total, according to his list. More than two months later (after no apparent response from the government), the district court denied the motion. In a text order, the court noted the government's representation at Wallace's sentencing that any non-contraband items had been forfeited in Sangamon County Circuit Court through state forfeiture proceedings.

Wallace appealed, arguing that the district court should have received evidence on the motion and that he never had been notified of any forfeiture proceedings. The government agreed that counsel's statements at the sentencing hearing were not evidence and asked us to remand the case for the district court to receive evidence as required by Rule 41(g). We granted the government's motion. *United States v. Wallace*, No. 15-1766 (7th Cir. June 18, 2015).

On remand both parties filed submissions. The government introduced an affidavit from Scott Giovannelli, a Special Agent with the Drug Enforcement Administration familiar with Wallace's case, who stated that about a third of the listed items remained in the possession of the DEA or the Clerk of Court (items numbered 1 through 9, 30, and 31, including the cell phones and laptop computers), and these could be returned to Wallace's representative. Other items—the televisions, washer, and dryer—had been forfeited through the Sangamon County State's Attorney's Office, and the car had been released to its lienholder. Some 13 other items (including the iPod, GPS device, and speakers), Giovannelli asserted, had been "inadvertently discarded" by the DEA during "extensive maintenance and cleaning" of the storage area "sometime during 2013." Giovannelli also denied that the government ever possessed either the $5,000 that Wallace said was in the car or the two cameras and video recorder that he reported seized. The government supplemented Giovannelli's affidavit with its own lists of items seized from Wallace's home and car, but did not submit documentation regarding the televisions, washer, and dryer—items specified by Giovannelli as being

seized by the Springfield Police Department and the subject of a Declaration of Forfeiture issued by the Sangamon County State's Attorney in January 2012.

The district court credited Giovannelli's representations and denied Wallace's Rule 41(g) motion to the extent he sought the return of property that no longer was in the government's possession. The court, however, directed the DEA and the Clerk of Court to return any identified items they still possessed.[1] Wallace moved for reconsideration, repeating his request that he be compensated for the loss of his televisions and washer and dryer. The district court denied his motion.

On appeal Wallace again challenges the denial of his Rule 41(g) motion, insisting that he was denied due process because he did not receive notice of any forfeiture proceeding, and that he be compensated for the items that cannot be returned.

Rule 41(g) requires a district court to "receive evidence" to support its factual determinations on contested points. *See United States v. Stevens*, 500 F.3d 625, 628–29 (7th Cir. 2007). To resolve Wallace's motion, the court had to determine the location of the requested property, because the court could not order the government to return property it does not possess. *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010); *Stuart v. Rech*, 603 F.3d 409, 411 (7th Cir. 2010).

Here, the district court received insufficient evidence regarding the whereabouts of the four televisions, washer, and dryer. Giovannelli asserted in an affidavit that these items were seized by the local police department and then identified in a Declaration of Forfeiture issued by the Sangamon County State's Attorney in January 2012, but Wallace denies ever receiving notice of any forfeiture.[2] The court relied solely on Giovannelli's unsupported assertion: the government did not provide a copy of any forfeiture declaration or specify the circumstances under which Wallace was notified of the proceedings. *See* 725 ILCS 150/6(A) ("If, after review of the facts surrounding the seizure, the State's Attorney is of the opinion that the seized property is subject to

---

[1] The district court specifically ordered the government to return items 1 through 9 but erroneously excluded items 30 and 31, which Giovannelli conceded were also in the government's possession.

[2] His denial is supported by his attorney's inquiry into the location of these items during Wallace's sentencing hearing in May 2013 (more than a year after the items were forfeited, according to Giovannelli).

forfeiture, then within 45 days of the receipt of the notice of seizure from the seizing agency, the State's Attorney shall cause notice of pending forfeiture to be given to the owner of the property … ."). Although the court did not need to conduct an evidentiary hearing, it should have resolved this material factual dispute by receiving evidence such as sworn affidavits (from individuals with personal knowledge) or documents verifying the chain of custody of specific items. *See Stevens*, 500 F.3d at 628; *United States v. Cardona-Sandoval*, 518 F.3d 13, 16 (1st Cir. 2008); *United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004); *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir. 1999); *United States v. Burton*, 167 F.3d 410, 410–11 (8th Cir. 1999); *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994).

On remand the district court should clarify the status of the seized property, and the outcome of that inquiry should determine what remedies, if any, are available to Wallace. *See generally Norwood*, 602 F.3d at 833–39 (discussing potential remedies to recover seized property or monetary damages under 31 U.S.C. § 3724(a), 42 U.S.C. § 1983, the Tucker Act, the Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *see also Stuart*, 603 F.3d at 411 (district court should convert Rule 41(g) motion requesting monetary damages into civil complaint if forcing pro se movant to file new complaint would create statute-of-limitations problems).

Accordingly, we VACATE the district court's order and REMAND for further proceedings consistent with this decision.