**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7971**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NESTOR VLADAMIR SANDOVAL ROCA, a/k/a Poeta, a/k/a William
Bladamir Mexmurillo Zapatero, a/k/a Stanley Turcio Palma,
a/k/a William Santander Mendoza, a/k/a Hamilton Bachelet
Soto, a/k/a Benjamil Ortiz, a/k/a William Zapatero, a/k/a
Max, a/k/a Lzandra Santander Orester, a/k/a Jorge Alberto
Medina Alonso,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:10-cr-00472-RWT-1; 8:14-cv-00885-RWT)

_____

Submitted:  January 31, 2017        Decided:  February 10, 2017

_____

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Geoffrey J. Michael, Lindsay Vance Smith, ARNOLD & PORTER LLP,
Washington, D.C., for Appellant.  Arun G. Rao, Assistant United
States Attorney, Alan Rozenshtein, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nestor Vladamir Sandoval Roca appeals the district court's order denying as moot his Fed. R. Crim. P. 41(g) motion for return of property. The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, "unless it is contraband or subject to forfeiture." United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). Rule 41(g) allows a "person aggrieved . . . by the deprivation of property [to] move for [its] return." Fed. R. Crim. P. 41(g). We review the denial of a motion for return of property under Rule 41(g) for an abuse of discretion. Chambers, 192 F.3d at 376. "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

Rule 41 may be utilized "to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007); see United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995) (recognizing "that a postconviction motion for return of property is a civil action" governed by Rule 41 that can be brought even "where no criminal

3

proceeding is pending"). During the pendency of a criminal prosecution, the movant bears the burden of demonstrating his entitlement to the return of the subject property; however, because a person from whom property was seized is presumed to have a right to its return, at the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property. Chambers, 192 F.3d at 377; United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991). "The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant." Chambers, 192 F.3d at 377 (internal quotation marks omitted). However, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue." Id. at 377-78.

While an evidentiary hearing is not a prerequisite for ruling on every Rule 41(g) motion, United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004), Rule 41(g) requires the court to "receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g). If a disputed issue of fact exists "relating to the status of the property or what happened to it," then the court should hold an evidentiary hearing to determine the chain of custody. Albinson, 356 F.3d at 284; see United States v. Stevens, 500 F.3d 625, 628 (7th

4

Cir. 2007) (resolution of "whether the Government still possesses the property at issue is a question of fact" which must be supported by evidence including sworn affidavits or other documents). While Rule 41(g) only pertains to the recovery of property actually seized and in possession of the Government, see Stevens, 500 F.3d at 628, "a motion for return of property is not rendered moot merely because the government no longer possesses the seized property." Chambers, 192 F.3d at 377.

Here, Roca's Rule 41(g) motion alleged that his property, including the cash, was not forfeited, and he provided an affidavit to that effect. The criminal case against Roca is complete; therefore, the burden has shifted to the Government to show a legitimate reason not to return the property and cash. Id. Recognizing that it failed to produce any evidence in support of its claim that the cash was administratively forfeited, the Government has moved to remand this matter to the district court.

We agree with the Government's confession of error. We therefore grant the Government's motion to remand, vacate the district court's order denying Roca's Rule 41(g) motion, and remand the matter for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid the decisional process.

VACATED AND REMANDED