**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017[*]
Decided June 15, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-1377

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| v. | |
| | No. 3:11-CR-67 RLM |
| TOMMY WEBSTER, *Defendant-Appellant*. | Robert L. Miller, Jr. *Judge*. |

**O R D E R**

In March 2011 officers with the South Bend Police Department searched Tommy Webster's house and seized 50 marijuana plants, several guns, and dozens of electronics, including laptop computers, car stereos, and digital cameras. Webster was prosecuted in federal court for drug and gun crimes, and in November 2015, after he had been convicted, he filed a motion in the criminal case under Federal Rule of Criminal Procedure 41(g) demanding that the United States return the electronics,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

which he valued at $80,000. The district court denied the motion after concluding that the United States does not possess the electronics. We affirm that decision.

In accepting the representation by the United States that it does not possess the electronics, the district court relied on unsworn statements from two police officers who conducted the search of Webster's house. In those statements the officers explain that they believed the electronics were stolen and confiscated them after Webster denied ownership or even knowledge about the items. The officers add that, unlike the drugs and guns introduced at Webster's trial in federal court, the electronics were never turned over to federal authorities.

We struggle to discern any coherent argument from Webster's opening brief, but—with the benefit of his reply brief—we understand him to fault the district court for crediting the officers' unsworn statements, which the government had mischaracterized as "affidavits." In fact, the statements are not notarized, and they do not even comply with the formalities in 28 U.S.C. § 1746 for unsworn declarations executed under penalty of perjury. Still, we cannot conclude that Webster was harmed because other documents he attached to his motion (and still more appended to his opening brief) confirm that the United States never received the electronics from the South Bend police. The return from the search warrant states that the electronics were "delivered to the South Bend Police Department to be held pursuant to authority of the Sheriff of St. Joseph County." And an affidavit from the manager of the Department's evidence room establishes that, except for one generator that the Department still possesses, all of the electronics eventually were destroyed or auctioned. Indeed, Webster concedes in his opening brief that all of the property has been "lost, stolen, destroyed, or sold." That concession scuttles Webster's case because the only relief available under Rule 41(g) is return of any property the United States possesses. *See United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007).

Webster does not argue that the district court should have construed his motion under Rule 41(g) as a civil complaint for damages. *See United States v. Norwood*, 602 F.3d 830, 836–37 (7th Cir. 2010) (recognizing that pro se motion under Rule 41(g) may be liberally construed to allow alternative claim for money damages). And, regardless, that interpretation of his motion could not have helped Webster because he values the electronics at $80,000, and only the Court of Federal Claims has subject-matter jurisdiction over claims against the United States for monetary relief in excess of $10,000. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *United States v. Bormes*, 133 S. Ct. 12,

16–17 n.2 (2012); *Norwood*, 602 F.3d at 833. Moreover, Webster already has tried, unsuccessfully, to hold various federal and state officials personally responsible for his lost property. *See Webster v. U.S. Attorney*, No. 3:15-cv-554-PPS (N.D. Ind. Jan. 15, 2016), *appeal dismissed sub nom. Webster v. Office of the U.S. Attorney*, No. 16-1180 (7th Cir. July 20, 2016). The district court correctly denied Webster a second opportunity to relitigate claims that he could have pursued in that earlier proceeding.

A final issue remains: The United States has alerted us that the district court still may possess Webster's checkbook and some letters that were seized from his house and introduced into evidence at trial. Webster's filings in both the district court and this court focus on the electronics, and apparently he does not seek return of these personal items. In any event, we accept the representation by the United States that it will not object to Webster using the procedures in the district court's local rules, *see* N.D. IND. L.R. 79-1, to request return of items the court still holds.

AFFIRMED.