**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 9, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2124

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 12 CR 50044-3 |
| MICHAEL FLOURNOY, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

This appeal concerns $7,600 taken from the scene of Michael Flournoy's arrest for attempting to buy six kilograms of cocaine from an undercover detective. Flournoy moved under Federal Rule of Criminal Procedure 41(g) for the return of the cash. The district court denied the motion, finding that the cash had been administratively

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

forfeited. Flournoy properly challenged the lack of notice of administrative forfeiture, so we vacate and remand for the district court to consider that challenge.

During his sentencing in March 2017 for drug trafficking, Flournoy sought under Rule 41(g) the return of a number of items, including cash. He stated that the government had "not requested the forfeiture" of any of the items, nor had "the court so ordered that such items be forfeited." Flournoy attached police records that listed items seized during his arrest. One document described a "black Gucci bag" that police recovered from his car that "[c]ontained a large amount of USC that was lodged sep[a]rately." The government responded that it had returned all of the items Flournoy had requested (except for a "kilogram press" that was later returned). Flournoy filed an "objection" to the government's response, contending that $7,600, contained in a zipped compartment of the black bag, had not been returned. In support of that assertion, he submitted another police record that showed that $187,800 had been seized from his car, including $7,600 that was labeled "zipper" and associated with the black bag.

With the focus on the $7,600, the government responded again. In its brief it argued for the first time that the $7,600 found in the black bag had been forfeited along with other cash—the $187,800 described in the police record that Flournoy had submitted plus another $10,000 from the trunk of Flournoy's car—totaling $197,800. The government's evidence was a "Declaration of Administrative Forfeiture" from 2013. It states only that $197,800 was obtained in Rockford on July 30, 2012 (the day of Flournoy's arrest); it does not associate this sum with Flournoy or a car, trunk, or bag:

> On July 30, 2012, the property described below was taken into custody by the Federal Bureau of Investigation for civil forfeiture at Rockford, IL, pursuant to Title 21, United States Code (U.S.C.) Section 881. Notice of this action was sent to all known parties, by certified mail, who may have a legal or possessory interest in the property. Notice of this action was published once a week for three successive weeks in the Wall Street Journal, New York, NY, in accordance with 19 U.S.C. Section 1607.
>
> (Description of Property)
>
> $197,800.00 U.S. Currency
> Value: $197,800.00

The district judge denied Flournoy's motion. "As to the $7,600 in currency," the judge wrote, "that property has been administratively forfeited and the court cannot order its return." Before the judge ruled, Flournoy submitted his "Final Objection to Government's Refusal to Return Property." He argued that the government did "not give Flournoy any notice of criminal forfeiture." The court did not receive this filing until after its ruling and did not address it.

By motion two weeks later, in May 2017, Flournoy formally raised his contention about lack of notice. He asked the court to "reconsider the denial for return of property," contending that he had not been "presented with any documentation giving notice to any alleged civil action." He argued that the absence of "sufficient notice" violated 18 U.S.C. § 983(e), the civil forfeiture statute. The district judge denied Flournoy's motion. The judge reasoned that Flournoy had not properly called into question the fact that the $7,600 had been forfeited. He added that "[a]ny purported procedural irregularities in the forfeiture process cannot be remedied through a Rule 41(g) motion."

On appeal, Flournoy asserts that the $7,600 was seized but was never validly forfeited. We assess this contention by discussing the authority that Flournoy raised in the district court: Rule 41(g) and 18 U.S.C. § 983(e). Rule 41(g) states that a "person aggrieved by . . . the deprivation of property may move for the property's return" in the district where the property was seized. The district court must "receive evidence on any factual issue necessary to decide the motion." FED. R. CRIM. P. 41(g). The rule applies to property that the government has seized, but not to property forfeited to it. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). The validity of a forfeiture may be challenged under 18 U.S.C. § 983(e)(1). Section § 983(e)(1) provides that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture." Persons entitled to notice are those who the government "knew, or reasonably should have known" to have an interest in the property. *Id*. § 983(e)(1)(A); *see Dusenbery v. United States*, 534 U.S. 161, 167 (2002). A § 983(e)(1) challenge must be brought within five years of the final "notice of seizure." 18 U.S.C. § 983(e)(3). That date can be no earlier than the seizure itself, which in this case occurred in July 2012. So *if* the district judge properly found that the $7,600 had been validly forfeited, then the judge could not order its return under Rule 41(g), but the judge could still consider a motion challenging the validity of the forfeiture until at least July 2017.

We see two problems with the district judge's rulings on Flournoy's Rule 41(g) motion and the motion to reconsider under § 983(e). First, the judge's finding in response to the Rule 41(g) motion, that the $7,600 was forfeited, was not based on sufficient evidence. The only evidence that the government adduced was the declaration of administrative forfeiture. But that declaration simply asserts that $197,800 was forfeited on July 30, 2012, in Rockford, Illinois. We have only the government's unsworn word in its briefs that this sum included the $7,600 seized from Flournoy's zippered bag. But we have cautioned district courts that Rule 41(g)'s requirement to "receive evidence" means they cannot rely solely on "arguments in a Government brief." *See United States v. Stevens*, 500 F.3d 625, 628–29 (7th Cir. 2007). The government could have attached the affidavit of a person with knowledge of the chain of custody, but failed to do so. The district judge therefore could not conclude, based just on the forfeiture declaration, that the forfeiture included $7,600 from Flournoy's zippered bag.

Second, even if we assume that the declaration of forfeiture applied to the $7,600, Flournoy properly challenged the forfeiture for lack of notice in his motion for reconsideration under § 983(e). Once the government told him that in 2013 it sought a forfeiture of that cash, Flournoy asserted in his motion that he had never been notified of any forfeiture. He invoked the correct statute, 18 U.S.C. § 983(e), for relief, and he filed his motion within the five-year limit prescribed by § 983(e)(3). The district judge's response to that motion—that "procedural irregularities in the forfeiture process cannot be remedied through a Rule 41(g) motion"—was inadequate. We have urged district judges to construe motions labeled as "Rule 41(g) motions" based on their substance if they seek relief other than a return of property—particularly if the statute of limitations will soon expire, as here. *See United States v. Norwood*, 602 F.3d 830, 836–37 (7th Cir. 2010) (construing Rule 41(g) motion as a civil complaint for damages); *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004) (district court correctly construed Rule 41 motion as initiating civil action challenging notice of forfeiture); *see also United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004) ("[A] pro se Rule 41(g) motion should be liberally construed to allow the assertion of alternative claims."); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (same). Flournoy's motion under § 983(e) sought to challenge the forfeiture's validity. The district court should have allowed that challenge to proceed.

We therefore vacate and remand for the district judge to consider whether the $7,600 was validly forfeited. But we make one final observation. Postjudgment motions under either Rule 41(g) or § 983 are civil actions subject to the Prison Litigation Reform

Act. *Stevens*, 500 F.3d at 629. On remand the district court should initiate collections under the PLRA for the fees that are due. *See* 28 U.S.C. § 1915(b).

VACATED AND REMANDED